OSBORNE, Administrator, Respondent, vs. LEHIGH VALLEY COAL COMPANY, Appellant.

*May 25 — September 28, 1897.*

*Negligence: Master and servant: Assumption of risk: Choice of appliances.*

1. An employer has the right, as against an employee, to carry on its business in such place and manner, and with such appliances, as best suits its choice or interests, even if some other would be

safer, so long as it does not violate the law of the land or expose the employee to danger of which he is not aware and cannot learn by the exercise of reasonable attention.

2. A laborer of mature age employed to load coal from a coal dock in the night time, while going from one part of the dock to another upon railroad tracks for purposes of his employment, was struck and killed by an empty car which, without warning, was being run down an incline to the place of loading by its own gravity in the usual manner but with more than usual speed. At the place of the accident the view was obstructed by steam escaping from a stationary engine used in the business, but the deceased knew that cars were liable to come down at any time when no cars were being loaded. *Held*, that the deceased assumed the risk, it being incident to his employment.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

The plaintiff's decedent was injured while in the employment of the defendant, working as a common laborer loading coal into cars upon the defendant's coal dock at the city of Superior in the night time, by being run over by an empty car, which was being let down to the place of loading in the usual manner, but with more than usual speed. Cars were let to run down to the place of loading by their own gravity, under the control of a brakeman. The cars were let down and loaded on several parallel tracks. At the time of the injury to the plaintiff's decedent, the men had just completed the loading of a car, and plaintiff's decedent and others had been directed by the foreman to go to another part of the dock in order to help about the loading of a car at that place. On his way to the place to which he had been directed he passed in the open space between two tracks until he came to a portable engine, which was at work. To avoid danger from falling coal at this point, he turned aside and passed along the side of the portable engine between the rails of one of the tracks,— not the track on which the car stood to which he was going. The exhaust steam from the engine, with steam from a leak in the feed

pipe, enveloped him and obscured his vision.　While in this situation a car came down the track on which he was walking and struck him, and he was injured, from which injuries he afterwards died.　When struck, he had proceeded towards his destination about seventy-five feet.　The approaching car should have been, but for the steam, visible to him during all this time; but he had not discovered its approach, although cars were liable to come down at any time when no cars were being loaded above.　The complaint alleges that the deceased did not know or appreciate the risk to which he was exposed, nor that a car was coming.　This is, in substance, the case made by the complaint.　There was a demurrer to the complaint.　The appeal is from an order overruling the demurrer.

For the appellant there was a brief by *Ross, Dwyer & Hanitch*, and oral argument by *W. D. Dwyer*.

*John Brennan*, for the respondent.

The following opinion was filed June 11, 1897:

NEWMAN, J.　The general ground on which a right of recovery is claimed is the failure of the defendant to provide a safe place for the plaintiff's decedent to do his work in.

It does not appear how long experience the decedent had had at the employment at which he was engaged.　But he was an adult man, and·must be presumed to have known and appreciated all such risks of the employment as were open and obvious to a man of ordinary apprehension.　*Jones v. Florence Mining Co.* 66 Wis. 268; *Luebke v. Berlin Machine Works*, 88 Wis. 442; *Klatt v. N. C. Foster L. Co.* 92 Wis. 622.　He is deemed to have assumed the risk of all such dangers of the employment as he either knew, or could have discovered by the exercise of reasonable attention.　Such risks he fails to appreciate at his own peril.　As against him, the defendant had the right to carry on its business in such place and manner, and with such appliances, as best suited

its choice or interests, even if some other would have been safer, so that it did not violate the law of the land, nor expose him to dangers which he did not know and could not learn by the exercise of reasonable attention. *Casey v. C., St. P., M. & O. R. Co.* 90 Wis. 113, and cases cited; *Guinard v. Knapp-Stout & Co. Company*, 95 Wis. 482. That this was not a safe place to work in was obvious to any man of ordinary apprehension. This the plaintiff's decedent could not fail to appreciate, if he gave the situation even slight attention. That there was need of constant circumspection in order to avoid obvious dangers, is manifest. Cars were coming to be loaded at all times of the night. They came without warning of bell or whistle. The work was done by the aid of uncertain and unstable lights, and amid the din and confusion caused by the work itself, and the machinery, and the moving cars, and obscured by the constant exhaust and leakage of the steam. With knowledge of the situation and of the manner in which the business was conducted, the decedent walked along the track on which cars might be expected at any time to come, and was struck by a coming car. The result must have been the same if the car had been coming at a slower and usual rate of speed. He was not, apparently, expecting it, or on the lookout for it. That he failed to appreciate the risk to which he was exposing himself was not the defendant's fault. The risk seems to have been inseparable from the business and the manner in which it was carried on.

If the decedent was momentarily forgetful of it, that, too, was a risk which he had assumed, and could not be attributed to the defendant as its fault. To walk upon a track where a moving car is to be expected at any moment, amid all the din and confusion and known dangers of the place, is little less than to invite disaster. In such a situation, one must be instantly alert. It does not help the situation to say that he did not appreciate the risk to which he was exposed.

Schaller vs. Chicago & Northwestern R. Co.

Under the circumstances, he was bound, at his peril, to appreciate it, and to be on the alert to shun the danger. Because he was bound to know and appreciate the danger and did not shun it, he is deemed to have brought his misfortune upon himself, and is not entitled to recover from the defendant.

*By the Court.*— The order of the superior court of Douglas county is reversed, and the cause remanded for further proceedings according to law.

A motion for a rehearing was denied September 28, 1897.