LIERMANN, Administrator, Appellant, vs. MILWAUKEE DRY DOCK COMPANY, Respondent.

*May 3 — May 21, 1901.*

*Master and servant: Negligence: Personal injuries: Fellow-servants: Assumption of risk.*

Plaintiff's intestate was employed in defendant's dock yard, and, while assisting in unloading a spar from a scow, was injured by one of the skids, over which the spar was being hauled, flying up and striking him. The accident was caused by the improper construction of the skid. The skids were constructed of timbers placed on blocks by the gang of workmen with whom the intestate was working. Neither the timbers nor the blocks were defective. *Held*, that, if the skid which flew up was improperly placed or blocked, the fault was that of a co-employee, the risk of which was assumed by the deceased.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

This is an action by the administrator of the estate of August Beyersdorff, deceased, on account of the death of said Beyersdorff, resulting, as alleged, from the negligence of the defendant. From a judgment of nonsuit the plaintiff appeals.

The facts appearing in the evidence were substantially as follows: The defendant is a corporation owning and operating a shipyard in Milwaukee upon the south bank of the Menomonee river, which at this point runs east and west. The deceased was a laborer in its employ in the work of the yard. On the 1st day of June, 1898, two long spars were to be unloaded from a scow in the river onto the dock of the yard for the purpose of making masts. Ernest Iwer, who was foreman of the yard, directed a gang of laborers to which the deceased belonged to take the spars from the scow, and put them upon skids upon the dock. Such work had frequently been done before. A part of the gang, in accordance with previous custom, placed two timbers, fourteen to sixteen feet long, for skids, near the edge of the dock, and at right angles with the river, and supported the same by blocks placed under them. Neither the timbers which were used for skids nor the blocks were in any way defective. After the skids were first placed in position, the west one was taken up by one or two of the gang to use as a pry, and replaced; but, when replaced, the south end of the skid projected over the blocks on which it rested about a foot. One spar was rolled off from the scow onto the skids in safety, and hauled by horses back to the middle of the skids by means of a chain around it. The deceased, with others, was then directed by Iwer to pull the scow along so as to unload the second spar upon the skids. While engaged in this work, he stepped over the north end of the west skid, and at the same time the man in charge of the horses started them up, and pulled the first spar to the south end of the skids, and the west skid, being unsupported at

the extreme end, went down at that end, and the north end flew up, and struck the deceased, inflicting injuries from which he died. There was some testimony tending to show that the foreman, Iwer, directed the teamster to pull the spar along at this time, but this was denied.

The cause was submitted for the appellant on the brief of *McElroy & Eschweiler*, and for the respondent on that of *George C. Markham, John F. Harper,* and *Tallmadge Hamilton.*

WINSLOW, J. The plaintiff's claim is that the defendant is liable because it failed to furnish the deceased with a safe place in which to work. · It is plain, however, that this principle does not apply to the case. The evidence shows without dispute that this was a case where it was the duty of the deceased and his fellow laborers to prepare the place in which and the appliances with which they were to work. The master furnished suitable and safe materials for the purpose. The preparation of the skidway and the blocking thereof was a mere detail of the work of the gang to which the deceased belonged. If the skid which flew up was improperly placed or blocked by one of the other laborers in the gang, or if the first spar was prematurely moved, the fault was that of a co-employee, the risk of which was assumed by the deceased. *Stutz v. Armour*, 84 Wis. 623; *Van den Heuvel v. Nat. F. Co.* 84 Wis. 636; *Peffer v. Cutler*, 83 Wis. 281; *Mielke v. C. & N. W. R. Co.* 103 Wis. 1. This is decisive of the case, and renders unnecessary the consideration of any other questions.

*By the Court.*— Judgment affirmed.