PECARD v. MENOMINEE RIVER SUGAR CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — NEGLIGENCE OF
   MASTER — FAILURE TO PROMULGATE RULES — QUESTION FOR
   JURY.
   In an action by a servant against a beet sugar manufacturing
   company for injuries resulting from his being pinched be-
   tween cars he was coupling, by reason of another car being
   pushed against them by other servants of defendant, evidence
   examined, and *held*, under the circumstances, a question for
   the jury whether defendant was not guilty of actionable
   wrong in failing to provide for some warning of the danger
   from the approaching car to be given to one occupying the
   position occupied by plaintiff.

2. SAME — ASSUMPTION OF RISK — KNOWLEDGE OF CONDUCT OF
   BUSINESS.
   A servant who had no knowledge of the failure of the master
   to make rules governing the conduct of employés in moving
   cars about its yard, or to provide any warning to workmen
   engaged at a point where the moving of cars without warn-
   ing would be likely to occasion injury, but on the contrary
   was unfamiliar with the master's methods, and had no
   thought that an absence of any regulations on the subject
   would result in a car being pushed without warning against
   a car to which he was coupling another, did not assume the
   risk of injury from that source.

3. SAME—DANGEROUS EMPLOYMENT—PROMULGATION OF RULES—
   DUTY OF MASTER.
   In a business conducted by many employés performing work
   independently of each other, and in which the work of one
   becomes periodically dangerous to another, it is the duty of
   the master to provide reasonable precautions against such
   danger, and amongst these is promulgating rules and regula-
   tions for the giving of warning to the persons likely to be en-
   dangered when such dangerous acts are about to be per-
   formed.

4. SAME—CONTRIBUTORY NEGLIGENCE.
   A servant ordered by his foreman to couple a standing car to
   one being moved against it was not negligent in taking his
   position between the cars for that purpose so as to defeat his

recovery for an injury caused by another car being pushed
without warning against the standing car from the opposite
direction.

Error to Menominee; Stone, J.  Submitted April 16,
1908.  (Docket No. 101.)  Decided May 26, 1908.

Case by Adolph Pecard against the Menominee River
Sugar Company for personal injuries.  There was judg-
ment for plaintiff, and defendant brings error.  Affirmed.

*L. D. Eastman* ( *E. C. Eastman,* of counsel), for ap-
pellant.

*Doyle & Tracy,* for appellee.

MONTGOMERY, J.  The defendant was engaged in the
business of manufacturing sugar from sugar beets.  On
its premises was situated a beet shed into which were run
railway tracks upon which loaded cars were taken in and
the beets unloaded, and the testimony shows that as occa-
sion required, the empty cars were taken out by the switch
engine, or if the switch engine was not at hand, the
cars were pushed out by the men employed in unloading
beets.  The plaintiff was employed by the defendant to
engage in the work of unloading beets on the 16th day of
October, 1906.  He commenced work at about 1 o'clock
on that day, his work consisting of shoveling beets from
a loaded car into one of the bins.  He again worked on
the 17th, his work being likewise confined to unloading
beets.  He testified that during this time the only cars
that he saw moved were moved by the switch engine, and
that he did not know anything as to the rules and regula-
tions of the company in the management of its business
or of its cars, or how the cars should be operated.  On the
morning of the 18th, he went to work at 7 o'clock.  Shortly
after that time he was called out by the foreman, whose
duties included those of a yardmaster, and directed to
throw the beets which had fallen over onto the track up
into the shed.  He was engaged in this business but a few

moments when he was called by the foreman, Mr. Morrow,—there being at the time two cars standing on the tracks at a considerable distance outside the shed, one of which was a dead car and the other of which was being propelled by the men pushing it towards the dead car,— and directed to open the coupling on the stationary car. Plaintiff crossed over the track and saw that the coupling was closed on the stationary car and on the approaching car was open, and he thought they were in fit condition to make a coupling. But he was again told to open the coupling. The cars came together and bounded back, leaving a space of about four inches between them. Plaintiff then went in beside the dead car for the purpose of making the coupling. While he was thus occupied, other employés pushed from the direction of the shed against the dead car another car by hand, causing the dead car to move and come in contact with the other approaching car, caught plaintiff's arm and so injured it as to necessitate amputation.

The case was tried before a jury, and upon a charge which left them to determine whether the plaintiff was called outside the line of his employment without proper instruction as to the danger of the same, and second as to whether the defendant was guilty of negligence in not having provided rules or regulations for the government of its business which should prevent such an occurrence as that in question, the jury found a verdict in favor of the plaintiff.

The sole error assigned is that the court erred in refusing to instruct the jury to find a verdict for the defendant as requested by counsel for the defendant, and we are only concerned in determining whether there was a case to go to the jury on any theory within the pleadings.

The evidence indicates that no rules or regulations were made to govern the conduct of the defendant's employés in this business, or to provide any warning to workmen engaged at a point where the moving of these cars without warning would be likely to occasion injury.

It further shows that the plaintiff had no knowledge of the failure of the company to make such provision. The foreman testified, it is true, that there was not anyone who had authority to order the special car in question pushed out so as to bump into that car. But he also testified that he had—

"Given orders to McGowan to push some of the cars out to clean the tracks; that is the only order. That order did not refer to any particular car, or to any particular moment. That simply referred to clearing that track of empty cars for cleaning purposes. By that, I mean cleaning up the beets off the track."

We think it was a question for the jury as to whether the defendant was guilty of actionable wrong in failing to provide, under these circumstances, for some warning of the danger from the approaching car to be given to one occupying the position which this plaintiff did. It is not a case where a plaintiff, with full knowledge of the methods of the defendant, had assumed the risk. On the contrary, he was unfamiliar with those methods, and had no thought that an absence of any regulation on the subject would result in such reckless conduct as to push this car against the dead car at which he was lawfully stationed.

The case is very similar in its facts to that of *Polaski* v. *Pittsburgh Coal Dock Co.* (Wis.), 114 N. W. 437. In that case it was necessary for certain workmen employed on the dock of the defendant to pass over and across a railroad track upon which it was the custom of the defendant to move cars by hand, which was usually done by attaching a hook to either the front or the rear of the car and propelling it in this way. The plaintiff had been ordered to cross the track to the opposite side of the dock, and, while crossing, was struck by a car propelled from the rear by one of the defendant's workmen and injured. The evidence showed that no rule had been promulgated for governing defendant's servants in the manner of running these cars, and the court said:

" In a business conducted by many employés performing work independently of each other, and in which the work of one becomes periodically dangerous to another, it is the duty of the master to provide reasonable precautions against such danger, and amongst these is promulgating rules and regulations for the giving of warning to the persons likely to be endangered when such dangerous acts are about to be performed."

The case of *Gavigan* v. *Railway Co.*, 110 Mich. 71, is distinguishable for the reason that it does not appear that there was any neglect of a duty to promulgate proper regulations governing the conduct of the business.

It is contended that the plaintiff was guilty of contributory negligence in placing himself between these two cars. The answer to this is obvious. If there was any negligence on the part of the defendant at all, it was a negligence wholly disconnected with the act which the plaintiff was engaged in performing. For all that appears in this record, he could perform the duties which he undertook to do from between the cars where he placed himself with perfect safety except for the intervening and unexpected propulsion of this additional car against the dead car before which he was standing. It was not contributory negligence to fail to anticipate this.

We think there was a case for the jury, and judgment will be affirmed.

GRANT, C. J., and BLAIR, CARPENTER, and MCALVAY, JJ., concurred.