STREHLAU, Appellant, vs. JOHN SCHROEDER LUMBER COMPANY, Respondent.

*February 23—March 15, 1910.*

*Master and servant: Injury: Unsafe working place: Erection of building: Negligence of fellow-servant.*

1. Where a master furnishes to a force of employees suitable material to erect a building upon a proper site he is not liable for injuries to one of them resulting from perils created by them in the progress of the construction.
2. The fall of a loose plank placed near the edge of the floor on the second story of a building in process of erection was not of itself *prima facie* evidence that the place was unsafe, the rule *res ipsa loquitur* being equally effective to establish that the fall of the plank might have been due to the negligence of coemployees of the person injured.

APPEAL from a judgment of the circuit court for Ashland county: E. C. HIGBEE, Judge. *Affirmed.*

In December, 1908, defendant was erecting a sawmill 196 feet long north and south by sixty feet wide by the labor of its own employees. The work had progressed so that at least part of the timbers of the second floor were in place, and a

strip of flooring some four to six feet wide had been laid
southerly from the north end about the middle of the building
for the purpose of a runway to carry back timbers, presum-
ably for the further construction of that floor.   At the south
end of the building and opposite this runway a tackle had
been rigged by attaching the same to what is called a gin-pole,
and a force of men were engaged in bringing timbers from
outside the building to the foot of this tackle and raising them
to the second floor, nineteen feet above the ground, and car-
rying them northerly along the runway to be placed in the
building.   Plaintiff at that time was employed in hauling
the timbers with a mule to the foot of the tackle, where other
men fixed a chain to each timber, raised it above the second
floor, where two men drew it back onto the floor, where it was
dropped.   This work had been going on from three to five
days.   The men who received the timber on the second floor
had laid a block or plank two by six upon the floor near the
south edge in order that the timber, when on the floor, should
lie upon such block or plank and thus be sufficiently raised
from the floor to permit disengagement of the chain with
which it had been raised.   There is no evidence that the mas-
ter had either provided this block or plank for the purpose,
or had directed its use further than that the foremen were
frequently in the vicinity and had opportunity to use it.   It
at all times lay loosely on the floor, and on the 15th day of
December it in some undisclosed way was precipitated over
the edge and fell to the ground, striking plaintiff and causing
him injury, for which this suit was brought charging defend-
ant with negligence in placing said block on the second story
floor and neglecting to fasten the same and thereby in failing
to provide a safe place for plaintiff to work; also in failing
to notify him of its unsafety.   At the close of the evidence
the court entered judgment of nonsuit, from which plaintiff
appeals.

For the appellant there was a brief by *Eaton & Eaton,* at-

torneys, and *Collins & Eaton,* of counsel, and a reply brief signed by *Eaton & Eaton;* and the cause was argued orally by *M. H. Eaton.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

DODGE, J.   The evidence, in which there is very little dispute, is conclusive against either negligence or any failure of duty on the part of the defendant.   The situation is the usual one of an entirely safe place—that is, a proper site—being furnished to a force of employees upon which they are to construct a building with materials in which no defect or unfitness is suggested.   Of course, as the work upon which they are mutually engaged progresses, perils arise.   The moment any timber is elevated from the ground there is a degree of unsafety, for it may drop or swing to the injury of some of the men.   But the duty of the master to supply a reasonably safe place to work has no application to the dangers thus created, for the unsafety of the place arises not from the acts of the master, but from those of the very force of co-employees.   The situation presented in this case, where several timbers had been erected and a floor commenced to be laid at some elevation, differs not at all in principle from that above suggested when the first timber is raised from the ground. The rule of nonliability of the master for perils thus created in the progress of construction or repair of buildings is established by multitudinous authority.   *Porter v. Silver Creek & M. C. Co.* 84 Wis. 418, 54 N. W. 1019; *Larsson v. McClure,* 95 Wis. 533, 70 N. W. 662; *Mielke v. C. & N. W. R. Co.* 103 Wis. 1, 79 N. W. 22; *Liermann v. Milwaukee D. D. Co.* 110 Wis. 599, 86 N. W. 182; *Kath v. Wis. Cent. R. Co.* 121 Wis. 503, 99 N. W. 217; *Williams v. North Wis. L. Co.* 124 Wis. 328, 102 N. W. 589; *Walaszewski v. Scholknecht,* 127 Wis. 376, 106 N. W. 1070; *Hoveland v. Nat. B. Works,* 134 Wis. 342, 114 N. W. 795.   In the light of these

authorities it is entirely obvious that the conditions which caused the place where plaintiff worked to be unsafe were not provided by the master, but had been created by the very force of men of which plaintiff was one, for they were all engaged in the common work of moving these timbers from their place in the yard to the places where they were to be framed into the building and in framing them.

A somewhat different phase of negligence is suggested by the complaint and urged by appellant, namely, that the placing of the block or plank near enough to the edge of the floor and failure to fasten it by nails, so that it might be expected to be precipitated over the edge, was negligence on the part of defendant. This contention is likewise negatived by the undisputed evidence, which shows that all of said acts were done by co-employees.

The fall of the timber, it is argued, was of itself *prima facie* evidence of an unsafe situation or condition. This, however, overlooks the fact that its precipitation may have been caused as well by negligence of those who were handling the timbers as by reason of a negligently unsafe condition; hence the rule *res ipsa loquitur* is equally effective to establish that the fall of the timber may have been due to negligence of co-employees for which the master would not be liable. *Musbach v. Wis. C. Co.* 108 Wis. 57, 84 N. W. 36. Further than this, however, the evidence is entirely conclusive, as already stated, that, whatever the condition was, it was created by acts of co-employees in the process and prosecution of the construction of the mill. For these reasons the trial court properly ordered judgment of nonsuit.

*By the Court.*—Judgment affirmed.