PERN, Appellant, vs. WUSSOW, Respondent.

*December 9, 1910—January 10, 1911.*

*Master and servant: Unsafe working place: Warning of recurring dangers: Rules, when necessary.*

1. Where there are many fellow-servants, some working in one department or feature of an industry and some in others quite independent thereof, and the situation is such that the work in one department is likely from time to time to create peril of personal injury to those engaged in some other part of the work unless precautions according to some prescribed method are exercised to avoid it, ordinary care requires the making and efficient promulgation of reasonably sufficient rules to that end.

2. But where there is a single small crew of men working with each other at a single task, and one of them is injured by reason of a danger incident to constantly changing conditions created by the men themselves, which all appreciate and understand they are expected to avoid by individual vigilance, the foregoing rule and the general rule respecting the duty of the master to furnish a safe working place have no application.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The complaint is to this effect: January 29, 1908, plaintiff, with others, was working for defendant in cutting down and carrying away a bank of earth which was about ten feet high. The cutting down and, in the main, loading on wagon, was accomplished by use of a steam shovel, managed by several employees. The surface was frozen to a depth of about six inches. Plaintiff and a few associates worked at the foot of the embankment, while others worked at the top, cracking the frozen earth so the shovel would take it. Sometimes pieces of frozen earth would become wholly loosened by the shovel, but would not be taken into it. Such pieces would fall down where the employees were below, thus rendering their place dangerous. Other frozen pieces would, at times, drop from the shovel. Plaintiff's task led him to give such attention thereto, that often he was so located as to render it difficult to observe falling pieces of frozen earth, unless attention was called thereto by some one warning him. Customarily some employee gave warning of the imminence of such danger upon its occurring. No rules were promulgated in respect thereto, though such were necessary for the safety of employees circumstanced as plaintiff was. By reason of neglect in that regard, plaintiff was struck by one of the frozen pieces of earth, severely fracturing his right leg. Issues were joined by answer.

The evidence was to this effect: The situation of the plaintiff's working place and the dangers to which he was subjected were substantially as alleged. Employees were stationed on the bank to crack the crust by use of wedges and hammers. Plaintiff was familiar with all the details of the work. He knew it was dangerous to get in the way of falling lumps of earth. He had been warned in that regard, and all circumstanced as he was, knew that they had to be alert in regard to danger from falling pieces of earth and stones. Before he

was injured he knew of many pieces coming down. Gener-
ally, some one gave warning; sometimes one employee did and
sometimes another, but not by rule. In the particular in-
stance no warning was given. Plaintiff did not know of the
imminence of danger till he was struck. He knew that men
were breaking up the frozen crust at the top of the bank. He
knew that if a piece of dirt struck him it would be liable to
inflict an injury. He knew that it was a common occurrence
for pieces to roll down; also that pieces had rolled down
without any one giving warning. He had given warning
when he observed a piece of earth liable to endanger any one,
and had always received warning from some one whenever in
like danger, prior to his injury.

On the case thus made the court granted defendant's re-
quest for a nonsuit. Judgment was rendered dismissing the
action with costs.

For the appellant there was a brief by *Burke, Alexander
& Burke,* and oral argument by *W. E. Burke.*

For the respondent there was a brief by *Doe & Ballhorn,*
and oral argument by *J. B. Doe.*

MARSHALL, J. The rule is invoked that, where there are
many fellow-servants, some working in one department or
feature of an industry, and some in others quite independent
thereof, and the situation is such that the operation in one de-
partment is quite likely, from time to time, to create peril of
personal injury to operators in some other part of the work,
unless precautions according to some prescribed method are
exercised to avoid it; ordinary care requires making and effi-
cient promulgation of reasonably sufficient rules to that end.
Counsel pin their faith to that, seemingly conceding that
aside therefrom the judgment is right.

The doctrine suggested was formulated into a reasonably
definite rule in *Polaski v. Pittsburgh C. D. Co.* 134 Wis. 259,
114 N. W. 437, as a logical deduction from many previous

.adjudications in this and other courts. *Promer v. M., L. S. & W. R. Co.* 90 Wis. 215, 63 N. W. 90; *Bain v. N. P. R. Co.* 120 Wis. 412, 98 N. W. 241; *Portance v. Lehigh Valley C. Co.* 101 Wis. 574, 77 N. W. 875. It was subsequently applied to a situation definitely satisfying the particular calls thereof in *Steber v. C. & N. W. R. Co.* 139 Wis. 10, 120 N. W. 502.

The statement of significant circumstances requisite to create the duty aforesaid, it seems, is sufficient to show, plainly, that it has no application to this case. Here, there were but a few employees, all working, substantially, together. The activities of the entire crew were confined within quite a narrow compass. All were in sight and hearing of each other, with only a few steps from one extreme to the other of the operations. There was but one crew, and quite a small one, working at the single task of transferring the bank of earth to wagons, appellant being a handyman on the lower level, part of his work being to shovel the pieces of frozen earth and stones, which the shovel did not take, into the wagons. There were no independent tasks, as in the *Promer Case,* where a car repairer was, from time to time, liable to be interfered with by the moving of cars by a switching crew, and the *Polaski Case,* where members of a loading crew were required, from time to time, to leave their working places at one track and cross parallel tracks upon which cars were frequently moved. Such independent task of moving cars would naturally imperil the personal safety of those engaged in the other task. The advisability of special rules under such circumstances is plain. The situation in hand was not similar. It was more like that of a car-repair crew by itself, some working at one part of the car and some at another; some repairing one car and some another in the same vicinity.

The trial court ruled in harmony with the foregoing. Plaintiff seems to have been injured because of a danger with which he was perfectly familiar and which he voluntarily subjected himself to, a peril incident to constantly changing

conditions created by him and his associates, which all appreciated and understood they were expected to avoid by individual vigilance. The law applicable thereto is plain, as many times illustrated in our decisions. The rule that the master must furnish his servant a reasonably safe place to work and use ordinary care to keep it constantly so, does not apply. *Larsson v. McClure,* 95 Wis. 533, 539, 70 N. W. 662; *Osborne v. Lehigh Valley C. Co.* 97 Wis. 27, 71 N. W. 814; *Mielke v. C. & N. W. R. Co.* 103 Wis. 1, 79 N. W. 22; *Nix v. C. Reiss C. Co.* 114 Wis. 493, 504, 90 N. W. 437. The court properly directed a verdict for defendant.

*By the Court.*—Judgment affirmed.