LUICH, Respondent, vs. GREAT NORTHERN RAILWAY COMPANY, Appellant.

*January 29—February 18, 1913.*

*Railroads: Injury to employee: Negligence of fellow-servants: Appeal: Double costs.*

1. Ch. 254, Laws of 1907 (sec. 1816, Stats.),—making every railroad company liable for injuries sustained by any employee thereof (except those working in shops or offices) while engaged in the line of his duty as such, caused by negligence of any other employee of the company,—is applicable to an injury sustained by an employee while engaged in unloading ties from a car.

2. Said statute is not limited, in its application, to employees engaged in work which is subject to the peculiar hazards of railroad operation; nor is its validity dependent upon its being so limited.

3. Double costs under sec. 2951, Stats., are not imposed in this case, although the demurrer to the complaint and the appeal from an order overruling it are clearly not well grounded.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This action was brought to recover for personal injuries. There was a demurrer to the complaint for want of facts sufficient to constitute a cause of action. The demurrer was overruled and the defendant appealed.

The cause was submitted for the appellant on the brief of *J. A. Murphy,* and for the respondent on that of *W. P. Crawford* and *M. C. Brzonkala.*

KERWIN, J.   The complaint alleges, in substance, that the defendant is a railroad company engaged in the business of operating a railroad and is a common carrier and doing interstate commerce business, which railroad extends through Douglas county and westerly through the states of Minnesota, Montana, and Washington; that as part of said railroad system and business the defendant had and maintained in the city of Superior, Douglas county, Wisconsin, railroad

yards, railroad tracks, shops, and roundhouses, and had in use and operation therein and in connection therewith a large number of railroad cars, locomotives, and other equipment incident to the maintenance and operation of a railroad; that on the 21st day of April, 1911, the plaintiff was injured while engaged in the work of unloading and removing ties from a car and placing the same upon the ground near the railroad track upon which said car was standing; that said work was being done by a crew of defendant's servants and employees, consisting of nine men and one or more foremen, all of whom were in the employ of the defendant and engaged in said work as employees of defendant; that some of said crew were engaged in said car removing railroad ties therefrom, and other members of said crew, including plaintiff, were engaged in picking up, lifting, and carrying away said ties from the point where they had been thrown upon the ground by the men inside of the car; that while plaintiff was so engaged in moving said ties and being in a stooping position in the act of lifting or about to lift one of said ties, defendant's employees working in the car carelessly, negligently, and without any notice or warning to plaintiff, threw one of said ties upon plaintiff, causing the injuries complained of; that the defendant's servants employed in said car well knew, and in the exercise of ordinary care should have known, that plaintiff and other men working upon the ground picking up said ties were beside said car and in such place and position that they would be struck thereby, but, notwithstanding this, said employees negligently threw said railroad tie out of said car upon the plaintiff; that it was usual and customary in said work for the employees working inside the car to signal and give notice immediately before throwing any of said ties upon the ground so that defendant's employees working outside might avoid injury, but that at the time in question no notice or warning was given to the plaintiff or others working outside of said car removing ties.

It is further alleged that defendant was negligent in failing to promulgate and enforce rules among said men requiring notice to be given to men working upon the ground of the time when ties would be thrown, dropped, or pushed therefrom, and that the defendant was further careless and negligent in failing to have, employ, and maintain an employee to give signals and warning to the men working upon the ground as plaintiff was. That the defendant was further careless and negligent in failing to instruct, notify, and warn plaintiff of the dangers incident to the work; that plaintiff was unfamiliar with said work and the manner in which it was conducted by defendant, and did not know, or in the exercise of care could not have known, of the dangers surrounding his place of work, all of which were well known to defendant. That plaintiff was at all times in the exercise of ordinary care to avoid injury and in no way caused or contributed to the injury; that he did not know and had no reason to believe that the employees in said car would, without notice, throw ties therefrom; that plaintiff was greatly and permanently injured and sustained damages in the sum of $25,000, for which sum judgment is demanded.

We have not set out the complaint in detail, only the salient points thereof, sufficient to show the cause of action alleged. There can be no question upon the allegations of the complaint, admitted by demurrer, that it states a good cause of action, assuming that defendant is liable for the acts of the plaintiff's fellow-servants who were engaged in throwing out the ties. Counsel for appellant, however, seems to argue the case upon the theory that ch. 254, Laws of 1907 (sec. 1816, Stats.), does not apply, on the ground that the work which plaintiff was doing at the time of the injury was not within the provisions of said law, because not subject to the peculiar hazard of railroad operation. Of course if the plaintiff does not come within said ch. 254, then there would be great force in the argument of counsel for appellant. We cannot agree

with counsel in this contention. It seems clear to us that the instant case falls within the rule laid down in *Kiley v. C., M. & St. P. R. Co.* 138 Wis. 215, 119 N. W. 309, 120 N. W. 756. The work being performed there was certainly not more hazardous than the work in the instant case. There classification was not grounded solely upon "railroad hazard." At page 259 the court said:

"In a word, it is proper to subject railway carriers to a higher degree of liability for the neglect of their servants, not simply because the business has peculiar dangers, but because it bears a peculiar relation to the safety of the public which no other business bears, and hence greater diligence in the selection of its employees may justly be demanded and enforced by means of a law imposing a heavier liability than that imposed on ordinary employers."

In that case the plaintiff was engaged with other employees of the defendant constructing a wire fence along defendant's right of way, and a wire which was held by staples was being taken off, and plaintiff was injured in the eye by being struck by a flying staple caused by other employees pulling on the wire. See, also, *Kiley v. C., M. & St. P. R. Co.* 142 Wis. 154, 125 N. W. 464.

The cases cited by appellant, *Pern v. Wussow,* 144 Wis. 489, 129 N. W. 622, and *Knudsen v. La Crosse S. Co.* 145 Wis. 394, 130 N. W. 519, were ruled by the doctrine of non-liability for negligence of a fellow-servant, and for which negligence under the statute heretofore referred to the defendant is liable. So the complaint clearly states a good cause of action against the defendant.

It is claimed that the demurrer is frivolous and that the appellant should be charged with double costs under sec. 2951, Stats. We are not inclined to impose double costs in this case.

*By the Court.*—The order is affirmed, with costs.