RICHTER, Appellant, vs. UNION LIME COMPANY, Respondent.

*March 15—April 8, 1913.*

*Master and servant: Negligence: Injury: Fellow-servants: Rules and regulations: Unsafe place and tools: Insufficient help.*

1. Plaintiff, a teamster in defendant's stone quarry, having been called to assist a driller and two other employees in moving a heavy drill down an incline or bench in the quarry, and having been injured by the tipping over of the drill, due to the manner in which the four men handled it, no recovery for such injury can be had on the ground that the other men or any of them were negligent, since all were fellow-servants and engaged in the common employment of moving the drill at the time of the accident. The driller was not, under such circumstances, a vice-principal.

2. It appearing that the drillers had adopted proper methods for moving the drills in the quarry and that there was no occa-

sion for any different rules, defendant could not be held liable on the ground of a failure to promulgate proper rules and regulations.

3. The benches and irregularities of surface in the quarry being the necessary result of its operation, the rule requiring the master to furnish a safe working place is inapplicable; and the accident not having been caused by any defect in the drill or appliances, the rule requiring the furnishing of safe tools and appliances has no application.

4. No negligence of defendant in failing to furnish sufficient men was shown, it appearing that four men were enough to move the drill, that it was usually moved by three, and that other men were near by who might be and customarily were called when necessary.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was brought to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. At the close of the plaintiff's evidence the court below granted the defendant's motion for nonsuit. Judgment was entered accordingly, from which this appeal was taken.

*J. E. McMullen,* for the appellant.

For the respondent there was a brief signed by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

KERWIN, J.    It appears from the evidence that plaintiff was twenty-one years of age and had been employed in a stone quarry, operated by defendant, as a laborer, and at the time of the injury was working as teamster. The rock in the quarry was loosened by means of blasting, and in the work of removing it benches were formed at different heights. Two large compressed air drills were used for making blast holes in the benches. They consisted of an iron tripod with a vertical slide, at the top of which worked a large cylinder, to the piston of which cylinder was fastened the drill. The cylinder could easily be removed from the slide. The whole

contrivance, when the cylinder was up, was about seven feet high and weighed about 700 pounds. Three weights were attached to the legs of the tripod when the drill was in operation. A small drill was used in the quarry, known as the plug drill. Two drillers worked in the quarry, Frich and Prince. Prince usually ran the plug drill and Frich one of the large drills. The plug drill was used for drilling holes in pieces of rock which had been detached or thrown out by the blasting. When Frich was away Prince ran the large drill. It became necessary in carrying on the work to move the large drills, and it was the custom of the driller to call upon any of the men working in the quarry to assist him in this work. Two men and the driller usually moved it. The leg weights were taken off, and a man took hold of each leg of the tripod and carried or dragged the drill along over the inequalities in the surface of the ledge a few inches in height without detaching the air hose or lowering the cylinder. If a bench of several feet in height were to be passed, it was customary to remove the air hose and cylinder and slide the parts down on planks. If a ledge from eighteen inches to three feet in height were to be passed, it was the custom to remove the air hose, lower the cylinder, close up the tripod, and slide the drill over. Prior to the injury plaintiff had assisted in moving the drill and had hauled it in his wagon.

On July 28, 1910, Prince was operating one of the large drills and called two men to assist him move it. He removed the leg weights, but left the cylinder up and the air hose attached. The three men began to move the drill down an incline, estimated from ten to eighteen inches. Plaintiff was then working in the bottom of the quarry, and as he was passing the three men engaged in moving the drill he was called to help them. Prince told him to take hold of the leg of the drill on the lower side, Prince being on one side of this leg and plaintiff on the other. Each of the other two men had hold of a leg of the tripod. They all attempted to move

the drill in this way, and while so doing it tipped over, catching plaintiff under it, and seriously injuring him.

Upon the undisputed evidence, plaintiff, Prince, and the other two men were engaged in the common employment of moving the drill at the time of the injury. There was no defect in the drill. The benches and irregularities in the place of operation in the quarry were the necessary result of the work which was being carried on. The accident was caused, as appears clearly from the evidence, by the manner in which the four men actually engaged in moving the drill handled it at the time. Prince, plaintiff, and the other two men had hold of the drill and participated in an effort to move it, and in that act they were clearly fellow-servants. So that the negligence of Prince, the other two men, or either of them, was the negligence of a fellow-servant of plaintiff, hence he cannot recover. *Hamann v. Milwaukee B. Co.* 127 Wis. 550, 106 N. W. 1081; *Knudsen v. La Crosse S. Co.* 145 Wis. 394, 130 N. W. 519; *McKillop v. Superior S. Co.* 143 Wis. 454, 127 N. W. 1053; *Klochinski v. Shores L. Co.* 93 Wis. 417, 67 N. W. 934; *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338, 21 N. W. 269.

The evidence shows that the plaintiff was familiar with the drill and the conditions surrounding the work of moving it, and when he engaged with Prince and the other two men in the work of moving the drill, as the evidence shows, all the parties so engaged were fellow-servants in the performance of that work. The case made by the evidence brings us clearly within the decisions of this court which forbid recovery where the negligence causing the injury is that of a fellow-servant engaged in the same line of employment.

Appellant in his brief insists that the defendant was guilty of several breaches of duty, namely: (1) in not promulgating proper rules and regulations; (2) in failure to furnish a safe place to work; (3) failure to furnish safe tools and appliances; (4) that Prince was a vice-principal; (5) that de-

fendant did not furnish sufficient men. We think all these contentions must be resolved against the appellant. The evidence does not show a proper case for the promulgation of rules and regulations, or any negligence in that regard. On the contrary, it appears that the drillers had adopted proper methods for moving the drills, and there was no occasion for any different rules. Nor does it appear from the evidence that the master ever had notice of the necessity for any other or different rules. Under the circumstances no rules were necessary. *Pern v. Wussow,* 144 Wis. 489, 129 N. W. 622; *Knudsen v. La Crosse S. Co., supra; Glenesky v. Kimberly & C. Co.* 140 Wis. 52, 121 N. W. 893; *Brotzki v. Wis. G. Co.* 142 Wis. 380, 125 N. W. 916.

The contention that defendant failed to furnish a safe place to work is without merit: the condition of the place was necessarily created by the operation of the quarry. The rule which requires the master to furnish a safe working place has no application to the instant case. *Knudsen v. La Crosse S. Co., supra.* Nor is there any merit in the contention that the defendant failed to furnish safe tools and appliances. There is no evidence that the drill was defective in any way or out of repair. The injury occurred by the moving of the drill, not because of any defect in the drill or appliances.

Prince was not a vice-principal. While engaged in the operation of assisting in moving the drill he was engaged in the common employment with the other men in handling and moving the drill. He was simply a fellow-servant while engaged in that capacity with other men who worked with him. *Klochinski v. Shores L. Co.* 93 Wis. 417, 67 N. W. 934; *Knudsen v. La Crosse S. Co., supra.*

The claim that the defendant was negligent in not furnishing sufficient men cannot be sustained. The evidence does not show that an insufficient number of men had been furnished. On the contrary, it shows that four men were sufficient, and that the drill was usually moved by three. More-

over, other men were in the immediate vicinity, and if their services had been necessary they could have been called, since it was the custom to call such men as were necessary. So, even if it were conceded that more men were necessary, the failure to call them was not the negligence of the defendant, but of a fellow-servant. *Dunlap v. Barney Mfg. Co.* 148 Mass. 51, 18 N. E. 599.

We think it clear upon the undisputed evidence that no case was made by the plaintiff, therefore a nonsuit was properly ordered.

*By the Court.*—Judgment is affirmed.