SOLOMON SIEGER, Appellant, *v.* WILLIAM L. CROW CONSTRUCTION COMPANY, INC., Respondent, Impleaded with PRUDENTIAL IRON WORKS, INC., Defendant.

First Department, June 10, 1932.

George M. Jaffin, for the appellant.

Frederick M. Schlater of counsel [H. Walter Reynolds with him on the brief; Graham & Reynolds, attorneys], for the respondent.

TOWNLEY, J. Plaintiff, an employee of a subcontractor, brought this action to recover damages for personal injuries claimed to have been caused by the negligence of the defendant, the general contractor. The negligence complained of was the failure to provide proper lights. Plaintiff was injured on February 25, 1925, while engaged as an ironworker in the installation of an interior iron stairway in the Mountainside Hospital in the State of New Jersey. He began working at eight o'clock in the morning. The stairway came in parts already cut and ready to be assembled. He left out the top tread of a section as was customary pending the insertion of the newel post. About three o'clock, after it had become somewhat darker and after making several complaints about the need for more light, the plaintiff while descending these stairs stepped in the hole where the tread had been left out. The accident occurred in New Jersey. New Jersey law has not been pleaded and the motion to dismiss was properly entertained under New York common law.

The trial court dismissed the complaint on the ground that the plaintiff was guilty of contributory negligence as matter of law. The facts of this case are very similar to those found in Doremus v. Auerbach (176 App. Div. 512; affd., 223 N. Y. 709). As was said in that case: " There was no concealed trap or displaced protection which the owner should have observed. Whatever condition there was was open, apparent and visible." Concerning the general contractor, the court said: " It is not shown to have performed its work negligently, or to have set any trap for an unwary passer. The fact that the building and the stairway were evidently in process of construction charges those concerned in its construction with a very different degree of care from that which attaches to the owner of a completed building. * * * If there was any

negligence in the case it was that of the deceased, who, if he did ascend the stairway, did so in face of the obvious fact that it was uncompleted, and that it was badly lighted."

The instant case is even stronger because the missing tread was actually left off by the plaintiff who necessarily knew of this condition. While he may have temporarily forgotten it, as he descended the stairs, his act of forgetting that he had made a trap for himself, if a trap it were, is no circumstance by which the general contractor could be charged with specific negligence. There is moreover nothing in the record to indicate that the general contractor was under a duty to put lights in a building under construction. The very basis of the plaintiff's claim as set out in his complaint failed of proof.

The judgment should be affirmed, with costs.

Finch, P. J., Merrell, Martin and O'Malley, JJ., concur.

Judgment affirmed, with costs.