WALASZEWSKI, Appellant, vs. SCHOKNECHT, Respondent.

*February 6—February 23, 1906.*

*Master and servant: Personal injuries: Safety of place to work: Assumption of risk.*

1. In the removal as in the original erection and construction of buildings, the rule that the master must furnish a safe place to work has very limited application.

2. Plaintiff, a man sixty-four years of age and of ordinary intelligence, while engaged as a workman in taking down a building, was injured by a board knocked off the building by a workman of an independent contractor. *Held*, that the dangers of the work plaintiff was doing were open and obvious, and hence plaintiff assumed the risk of the accident which happened.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

It appears from the record and is undisputed that the defendant and one Kleppe, as independent contractors, were engaged in taking down and removing a certain building, three stories high and veneered with brick, situated on the southeast corner of Jefferson and Knapp streets in Milwaukee. The defendant had the contract for taking down and removing the brickwork and employed three or four men for that purpose, and Kleppe had the contract for taking down and removing the woodwork and employed seven or eight men for that purpose. The work had progressed about one week when the plaintiff was employed by the defendant to wheel away bricks. The roof had been taken off a few days before. Between 8 and 9 o'clock on the morning of the second day the plaintiff was so employed, and while he was standing on the ground about ten feet from the southwest corner of the building a board sixteen feet long, ten inches wide, and one inch thick was knocked off from the outside of the third floor of the building by Kleppe's men, and the same fell and struck the plaintiff on the head and injured him, and this action is brought to recover the damages sustained by such injury. Issue being joined and trial had, the court at the close of the testimony directed a verdict in favor of the defendant upon the ground that the dangers of doing such work were open and obvious and hence that the plaintiff assumed the risk of his employment, and the defendant was not liable. From the judgment entered upon such verdict and for costs the plaintiff appeals.

For the appellant there was a brief by *Geo. H. Derry,* attorney, and *A. Kanneberg* and *W. C. Wehe,* of counsel, and oral argument by *Mr. Wehe.*

For the respondent there was a brief by *Nath. Pereles & Sons,* attorneys, and *Turner, Hunter, Pease & Turner,* of counsel, and oral argument by *C. F. Hunter.*

CASSODAY, C. J.   Counsel for the plaintiff contends that the defendant was negligent in failing to furnish the plaintiff with a reasonably safe place in which to perform his work or to warn him of the danger in working where he did.   The trial court did not pass upon that question, and for the purpose of this appeal we shall assume that the evidence was sufficient to take the case to the jury on the question of the defendant's negligence.   The verdict was directed in favor of the defendant, on the ground that it appeared from the undisputed evidence that the dangers of doing the work were open and obvious and hence that the plaintiff assumed the risk.   After careful examination we are constrained to hold that such ruling was correct.   The plaintiff was sixty-four years of age and in the habit of doing all kinds of labor, and we must assume that he was a man of ordinary intelligence. As such he must have known that in taking down the building fragments were liable to fall from the upper portions thereof. In such removal of buildings as in the original erection and construction of buildings, the rule that the master must furnish a safe place to work can have but very limited application.   In doing such work new adjustments and changes are continually going on from which danger may arise, against which no forecast can provide or warning be given.   *Porter v. Silver Creek & M. C. Co.* 84 Wis. 418, 424, 54 N. W. 1019; *Larsson v. McClure,* 95 Wis. 533, 70 N. W. 662; *Mielke v. C. & N. W. R. Co.* 103 Wis. 1, 79 N. W. 22; *Liermann v. Milwaukee D. D. Co.* 110 Wis. 599, 601, 86 N. W. 182; *Kath v. Wis. Cent. R. Co.* 121 Wis. 503, 514, 99 N. W.

217. In the performance of such work an employee of mature years must be presumed to have known and appreciated' all such risks of the employment as were open and obvious to a man of ordinary intelligence, and he must be regarded as having assumed the risk of all such dangers as he knew of or could have discovered by the exercise of ordinary care. *Osborne v. Lehigh Valley C. Co.* 97 Wis. 27, 29, 71 N. W. 814, and cases there cited; *Mielke v. C. & N. W. R. Co.* 103 Wis. 1, 3, 79 N. W. 22; *Sladky v. Marinette L. Co.* 107 Wis. 250, 261, 83 N. W. 514. It follows that there was no error in directing a verdict for the defendant.

*By the Court.*—The judgment of the circuit court is affirmed.