ALONZO W. DOREMUS, as Administrator, etc., of CHARLES A. SUTTON, Deceased, Respondent, *v.* "ARTHUR" LEOPOLD AUERBACH (the Said First Name "Arthur" Being Fictitious, the Defendant's True First Name Being Unknown to the Plaintiff) and JOSEPH S. AUERBACH, Doing Business under the Firm Name and Style of D. AUERBACH & SONS, and WILLIAM L. CROW CONSTRUCTION COMPANY, Appellants, Impleaded with STANLEY GOLLICK COMPANY, Defendant.

First Department, February 9, 1917.

Negligence — death of person employed in building under construction by fall through uncovered landing in partially completed stairway —when neither owner nor contractor liable — obvious risk — failure to post notice of danger — contributory negligence.

A landowner who contracts for the erection of a building on his premises owes no duty of active vigilance to protect the employees of one contractor from the negligence of those of another contractor. His only liability is for some affirmative act of negligence, as by taking some part in the performance of the work other than such general supervision as is necessary to insure its due performance.

Thus, such owner, who is not charged with any affirmative act of negligence, is not liable for the death of an employee of one contractor who fell through an opening in a partially constructed stairway which was being built by other contractors.

Moreover, a contractor engaged in building such stairway which was obviously uncompleted, is not liable for the death of the employee of the other contractor, who attempted to reach the upper stories of the building by the partially completed stairway and who fell through the uncovered landing, where it was not necessary for the decedent to use the stairway.

Neither the owner, nor the contractor building the stairway, can be charged with negligence by reason of the fact that they did not place a notice at the foot of the stairway stating that it was uncompleted, if in fact its condition was obvious.

*Held,* in an action to recover for death so caused, that the only negligence shown was that of the decedent.

DOWLING, J., dissented.

APPEAL by the defendants, Arthur Leopold Auerbach and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of December, 1915, as amended by an order

entered in said clerk's office on the 17th day of December, 1915, upon the verdict of a jury for $6,000, and also from orders entered in said clerk's office on the 16th and 17th days of December, 1915, respectively, denying the separate motions of the appellants for a new trial made upon the minutes.

*Anthony M. Menkel* and *Clayton J. Heermance,* for the appellants.

*Courtlandt Nicoll,* for the respondent.

SCOTT, J.:

The action is for damages for the death of plaintiff's intestate, caused, as it is alleged, by the negligence of appellants. The defendants Auerbach, as owners, were erecting a large building on Eleventh avenue, Forty-sixth and Forty-seventh streets in the city of New York. They were erecting the building in two sections, one section having been completed and partly occupied at the time of the accident. The uncompleted section, within which the accident occurred, was separated from the completed portion by a temporary wall of terra cotta with openings into the completed section at each floor. There was no general contractor for the whole work, which was let out to several contractors, the owners employing an architect, who, in addition to his services as architect, undertook to "supervise all the various contracts not originally in your [his] charge including all details for the construction and equipment of the entire plant."

The plaintiff's intestate was in the employ of the Otis Elevator Company, one of the contractors for the building, and had had considerable experience in visiting and going about in buildings in the course of construction. On June 10, 1913, he had been directed by his employer to make some examination as to the overhead supports for the elevators which were to be installed. On the afternoon of that day he was found lying under the stairway in the uncompleted portion of the building with a broken neck and other bruises, which seemed to indicate that he had fallen from a height. No one saw him enter the building; no one saw him on the stairway; no one saw him

fall. The jury were asked to infer, and evidently did infer, from the position of the body, and the fact that there was a partially open stair landing immediately above where he was found, that he had attempted to ascend by the stairway and had fallen through the open landing.

Accepting this finding as justified by the evidence it remains to consider whether the appellants or either of them can be justly charged with culpable and actionable negligence contributing to or causing the unfortunate accident. As has already been said, the owners of the building had let out separate contracts for the different classes of work, and had employed an architect, whose qualifications are not questioned, to supervise the execution of the several contracts. The contract for the miscellaneous interior iron work, which included the erection of the iron work for all interior stairs, had been given to a firm known as Sexauer & Lemke, against whom no charge of negligence is made. It was provided that all staircase treads should be finished in cement under another contract. The masonry contract was given to the appellant William L. Crow Construction Company. This contract covered the laying of concrete floors, and the cement treads for stairways and stair landings. This work, however, had been sublet to the Stanley Gollick Company, originally made a defendant herein, but against whom the action has been discontinued. The condition of the work at the time of the happening of the accident was as follows: The iron contractor had completed the stairway, so far as the iron work was concerned, except in a minor detail which could not be performed until the brick wall had been finished; the concrete subcontractor had not commenced work on the treads and platforms and could not do so until the stairwell wall had been completed, and certain iron contrivances had been inset therein by the iron contractors. This left the treads and platforms of the stairway open, except as they may have been, in some places, temporarily covered with planks. The defendant Crow Company was engaged in building a brick wall around the stairwell, using for this purpose scaffolds which were moved up from story to story as the work progressed. The result of building this wall was to darken the stairway which became darker as the wall went

higher. It was not necessary for deceased to use this stairway, although it was probably the most direct route to the point to which he was bound. Between the first or ground floor, and the next floor above there were three flights of stairs and two intermediate landings. To reach the second floor from the ground floor the stairs ran up a short flight to a landing, then turning exactly in the opposite direction ran up a second short flight to a second landing, and then turning again completely around ran up to the second floor. The lower of these intermediate landings was covered with planks. The second one, through which the deceased is supposed to have fallen, was uncovered except for a single plank next to the newel post.

The outstanding fact which is of great weight in determining the question of negligence is that which is conceded that the building was obviously in course of construction and uncompleted and that any one approaching the stairway could see at a glance that it was unfinished. It is also obvious that the comparative darkness or lack of light must have been apparent to any one who approached the spot.

As to the defendants Auerbach it is difficult to find any ground upon which to charge them with negligence. No affirmative act of negligence is charged against them, and as was said by Mr. Justice LAUGHLIN writing for this court in *Joyce* v. *Convent Avenue Construction Company* (155 App. Div. 586): "It is now well settled that the owner of premises who contracts for the erection of a building thereon owes no duty of active vigilance to protect the employees of one contractor from the negligence of those of another, and that to the employees of the various contractors the only liability on the part of the owner in such case is for some affirmative act of negligence on his part, as by taking some part in the performance of the work other than such general supervision as is necessary to insure its performance in accordance with the contract."

There was no concealed trap or displaced protection which the owner should have observed. Whatever condition there was was open, apparent and visible. So also as to the defendant Crow Construction Company. It is not shown to have

performed its work negligently, or to have set any trap for an unwary passer. The fact that the building and the stairway were evidently in process of construction charges those concerned in its construction with a very different degree of care from that which attaches to the owner of a completed building. (*Murphy* v. *Altman*, 28 App. Div. 472; *Hogan* v. *Arbuckle*, 73 id. 591; *O'Donnell* v. *Welz & Zerweck*, 97 id. 286.) It is intimated, rather than seriously argued, that both of the appellants were at fault in not having had placed at the foot of the stairway a notice that it was uncompleted and, therefore, dangerous to use, but there would have been no advantage in giving notice of a fact which was patently apparent to any who might contemplate using the stairway. It is not claimed that either appellant failed to perform any statutory duty, and we are unable to see that either failed in any duty at all which they or it owed to the deceased.

If there was any negligence in the case it was that of the deceased, who, if he did ascend the stairway, did so in face of the obvious fact that it was uncompleted, and that it was badly lighted.

Upon the whole case we are of opinion that plaintiff has failed to establish any liability on the part of either appellant, and it is quite evident, from the nature of the case, that no different result could be reached upon a new trial.

The judgment and order appealed from are, therefore, reversed and the complaint dismissed, with costs to appellants in this court and the court below.

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concurred; DOWLING, J., dissented.

Judgment and order reversed and complaint dismissed, with costs in this court and in the court below.