FARMERS TRUST & SAVINGS BANK OF SPENCER, Appellee, v. MARIS E. DEWOLF, Appellant, et al.

No. 40504.

DECEMBER 9, 1930.

REHEARING DENIED APRIL 14, 1931.

Heald & Heald, for appellant.

H. E. Narey and Cornwall & Cornwall, for appellees.

ALBERT, J.—This is a suit on a promissory note. Maris E. DeWolf is the only appellant in this court, and the defense made by him in the lower court was:

1st. His signature was placed on the note by him after the note had been made, delivered to and accepted by the plaintiff.

2d. There was no arrangement or understanding with the plaintiff prior to the acceptance of the note that said defendant would sign the same.

3d. There was no consideration for his signature.

He admits liability on the note were it not for the defenses above set out.

In the trial of the case, certain of the books of the bank were introduced in evidence by the plaintiff, over objection, and the admission of these books is the first error assigned. We are cited to many cases in both briefs on this proposition and a very able discussion by respective counsel on the question of books of account was made. Without entering into this discussion, the materiality of the entries in the books was by way of fixing the time at which the note was turned in to the bank.

The entries in the books were merely memoranda. The proper foundation being shown, we think this evidence was admissible. The modern doctrine as to the introduction of memorandum is announced by us in the following cases: State v. Brady, 100 Iowa 191; State v. McGruder, 125 Iowa 741; Ricker v. Davis, 160 Iowa 37. Gibson v. Seney, 138 Iowa 383, is quite in point on the question here involved. See also 22 C. J., 893.

In the trial of the case it developed that the note in controversy was a renewal note. The evidence was that in 1922, the DeWolf Grain Company was indebted to the plaintiff in the sum of $5,000.00, and a note was executed for that amount to the plaintiff, signed by the DeWolf Grain Company, N. E. DeWolf and Maris E. DeWolf. This note is known in the record as "Exhibit B". Much testimony was devoted to the circumstances surrounding the making of this note and the signing of it by Maris, he claiming that he signed the same under duress. It is shown that later the note last referred to was taken up and a new note made for $4,500.00, signed the same as the first note. Under the admission of Maris, this second note was a valid and binding obligation upon him.

On December 4, 1924, the second note was taken up and the note in controversy given as a renewal of the indebtedness. This note is known as "Exhibit A" in the record and is the note on which the present suit is founded.

In instruction No. 4 the court said:

"It appears without dispute that the DeWolf Grain Company was indebted to the plaintiff bank, in June, 1922, upon the note of $5,000.00. That the plaintiff requested Maris E. DeWolf to sign the renewal note which was dated June 28, 1922; and that Maris E. DeWolf did sign said renewal note and became legally liable for the payment of said debt evidenced by the note Exhibit B. Whether he signed that note by reason of threats is immaterial, because such alleged threats, if made, would not constitute duress or afford any legal excuse to relieve him from the obligation to pay said note, Exhibit B."

From the brief history of these notes as above recited, it is quite evident that the original note, Exhibit B, and the circumstances surrounding its making were wholly immaterial in the case at bar. Maris having admitted that the subsequent

note,—being in renewal of Exhibit B,—was a valid and binding obligation upon him, his liability under the second note was a sufficient consideration for his signature to the note in controversy. In other words, his liability on Exhibit B had nothing whatever to do with the present case, and the portion of the instruction referred to, whether it be right or wrong as a legal proposition, could not in any way mislead the jury or bias the rights of the defendant herein. In other words, if error, it was not prejudicial, as the exact liability and the circumstances under which the defendant should be held liable were specifically marked out by the court in other instructions.

▉ Error is assigned on the giving of instruction No. 6, part of which reads as follows:

"The defendant claims in his evidence that he signed the note Exhibit A (being the note in suit) because he feared action would be taken by the banks upon obligations owing to them by the Grain Company, but he does not make this claim in his answer, and you should not relieve him from liability upon the note, Exhibit A, even though you believe he would not have signed the same except for his alleged fears. The real question is whether he has shown by a preponderance of the evidence that he signed the note at the time and under the circumstances as claimed by him in his answer. The law as to that issue has been stated to you in the preceding instruction."

The preceding instruction, No. 5, rightly marked out the defenses made by Maris in the case and properly placed the burden of proof. Even though he signed the note under duress, he made no such defense in the case, and the court was right in saying in the instruction that he was not entitled to the benefit of the claimed duress because he had not pleaded it.

The only thing set up in defendant's answer was that he signed the note long after it was made, delivered and accepted by the plaintiff, and not in pursuance of any previous understanding or arrangement on his part with any of the parties to the suit, nor on the part of the plaintiff and the other defendant to this suit; that he received nothing of value therefor.

316

The court's instruction was right under the record he had before him and we find no error therein.—Affirmed.

MORLING, C..J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.