RICHARD OLESEN, by CLARENCE OLESEN, his father and next friend, appellant, v. CHARLES HENNINGSEN et al., appellees.

No. 48927.

(Reported in 77 N.W.2d 40)

MAY 9, 1956.

Burt & Prichard, of Emmetsburg, for appellant.

Linnan & Lynch, of Algona, and Smith & Hanson, of Emmetsburg, for appellees.

PETERSON, J.—There is only one question in this case: Was it reversible error for the trial court to admit in evidence a long-distance telephone ticket on which was shown the time of the placing of a call?

On November 17, 1950, defendant Lloyd Simonson drove a tractor and corn picker, with a wagonload of corn attached to the rear, out of a field and onto a public gravel highway, in Palo Alto County, and proceeded south on the west side of the highway. The equipment was the property of defendant Charles Henningsen. Simonson stopped the tractor and his load on the crest of a hill and was leaving same to exchange places with defendant Kenneth Henningsen, who had driven up in an automobile on the opposite side of the road. There was no lighted rear lamp exhibiting a red light on the back of the wagon. Plaintiff was driving south on the same road and he drove his car into the

rear of the wagon and sustained personal injuries. This is an action for damages for such injuries. There is drastic conflict in the evidence on many points, but the principal question involved in the case was the time of day at which the collision occurred. Plaintiff claims it was dark and he could not see the tractor and wagon until he was approximately 20 feet from the wagon. Defendants claim it was still daylight and that objects were plainly visible for more than 500 feet from the point of collision. The court sustained a motion to dismiss the action as to Kenneth Henningsen, and the jury found in favor of the defendants Charles Henningsen and Lloyd Simonson. Plaintiff appeals.

I. The provisions of Code sections 321.384 and 321.387 are important in connection with the issues in this case. Section 321.384, as to the part pertinent to this case, is as follows:

"1. Every vehicle upon a highway within this state at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, * * *."

Section 321.387 is as follows: "Every motor vehicle and every vehicle which is being drawn at the end of a train of vehicles shall be equipped with a lighted rear lamp, exhibiting a red light plainly visible from a distance of five hundred feet to the rear."

The evidence in the case centered around the question as to whether or not it was earlier or later than 30 minutes after sunset when the collision occurred. There was a slight conflict as to the time of sunset. Each side had secured a report from the weather bureau and one report placed sunset at 4:45 and the other report placed it at 4:54.

The issue urged by appellant is that the trial court erred in admitting a certain telephone ticket, on which was stamped the time of a call. It appeared on the ticket that a long-distance telephone call was placed from the Olesen farm residence near Graettinger to Emmetsburg to call the sheriff about the accident.

It was not in dispute that the call was placed when plaintiff was brought home after the accident. The evidence was offered by defendants and the ticket showed that the call had been placed at 5:45 p.m. It was the claim of defendants that this was some evidence as to the accident having occurred prior to one-half hour after sunset. Defendants also urge that it constituted an impeachment of the testimony of plaintiff's father and mother as to Richard being brought home at 6:05 p.m.

■ The testimony in connection with the call from the Olesen home to the sheriff at Emmetsburg is in substance that Mrs. Harry Fink was the operator at Graettinger, and that she kept the books and had charge of all records of the telephone office of Graettinger Telephone Company. She testified that she held that position on November 17, 1950, the date involved in this case. When a long-distance call came in for Emmetsburg she testified that the Graettinger operator made a record of the call and the long-distance operator at Emmetsburg also made a record of the call, together with the time of the call and the length of the conversation. The Emmetsburg ticket as to the call was sent to Bell Telephone Company at Des Moines for record and was then sent back to Mrs. Fink, who checked it with her ticket, and then made it a part of the records of the office. This is the ticket offered in evidence. The Graettinger ticket was delivered to the customer with the charges for the month. Mrs. Fink does not testify that she handled the call. The chief operator at Emmetsburg supported the testimony of Mrs. Fink. She testified that it would be impossible to tell what operator at the Emmetsburg office handled the call, but as chief operator she had charge of the long-distance records. Although she had not made the ticket, she identified it and verified the time. In one part of the testimony they testified that the ticket was a part of their permanent records, but they also stated that the records were not necessarily permanent. However, the trial of the case was nearly three and one-half years after the date of the telephone call, and the Graettinger operator and bookkeeper still had the ticket, so this in itself would be evidence of reasonable permanency of the records.

II. There was other evidence in the case on the time ques-

tion involved in the telephone ticket. Plaintiff and his father and mother testified it was dark when the accident happened. The three defendants and two other witnesses testified it was still daylight. The extent to which the ticket supports defendants is problematical. It is only cumulative evidence and is not seriously prejudicial to plaintiff. This is of some general importance in the case, but not controlling as to the question at issue.

III. · The jurors' affidavits filed were only incidental to the issue involved. They were presented for the purpose of showing that the evidence objected to was considered by the jury. They were not given consideration by the trial court, as he overruled the motion for new trial, and cannot be given consideration by this court for several reasons:

1st. The matter referred to inhered in the verdict. Hall & Co. v. Robison, 25 Iowa 91; Jolly v. Doolittle, 169 Iowa 658, 667, 149 N.W. 890, 894; Clark v. Van Vleck, 135 Iowa 194, 112 N.W. 648.

2d. The trial court has wide discretion on matters of this nature in ruling on the motion for new trial. In re Estate of Murray, 238 Iowa 112, 26 N.W.2d 58.

3d. A juror's statement by affidavit that a certain conversation influenced his verdict violates the rule that jurors cannot impeach their own verdict. Hoffman v. Jones, 229 Iowa 333, 294 N.W. 588. Also Kirchner v. Dorsey & Dorsey, 226 Iowa 283, 284 N.W. 171.

IV. Evidence as to long-distance telephone tickets, railway-ticket records or hospital records is not the same as evidence concerning a book account. It does not need the same type of technical proof as the statute requires for proving an account, as set out in section 622.28. The elements necessary for admission of a telephone ticket in a case such as this are identification by one or more telephone employees who either make or have supervision and charge of the records, and who know the ticket to be a genuine part of the records of the company, and who can testify it was made at or about the time shown thereon. The evidence submitted in this case meets this test. The trial court did not commit reversible error in admitting the telephone ticket.

The question of admission of telephone tickets under the circumstances as herein offered has not heretofore been directly before this court. Some comparable matters have been considered, such as railroad-ticket records and hospital records. 31 C. J. S., Evidence, section 204, page 942; American Law Institute Model Code of Evidence, rule 514, page 270; State v. Brady, 100 Iowa 191, 69 N.W. 290, 36 L. R. A. 693, 62 Am. St. Rep. 560; Farmers Trust & Savings Bank v. DeWolf, 212 Iowa 312, 233 N.W. 524; Gibson v. Seney, 138 Iowa 383, 116 N.W. 325; Gearhart v. Des Moines Railway Co., 237 Iowa 213, 21 N.W.2d 569; Ipsen v. Ruess, 239 Iowa 1376, 35 N.W.2d 82. There must be elements of precaution involved, because the admission creates an exception to the hearsay rule.

▇ A general rule with reference to the subject appears in 31 C. J. S., Evidence, section 204, page 942, as follows: "While it has been said generally that the rule excluding hearsay applies with full force, although no better evidence is to be found, there is a considerable tendency to apply, under such circumstances, an analogy to the rule, stated infra §§822–834, which admits secondary evidence when the best or primary evidence is lost, destroyed, or inaccessible, and to receive hearsay evidence where it is made apparent that more satisfactory evidence of the facts asserted by the declarant is not available. Such a situation arises where the declarant is dead, out of the jurisdiction, or physically unable to testify in court or by deposition, or when, *for any reason satisfactory to the court*, he cannot be found or cannot be produced in court, and the situation presents the further element of impossibility of proving the fact in any other way than by his declaration." (Emphasis supplied.)

▇ American Law Institute Model Code of Evidence, rule 514 on page 270 provides as follows: "A writing offered as a memorandum or record of an act, event or condition is admissible as tending to prove the occurrence of the act or event or the existence of the condition if the judge finds that it was made in the regular course of a business and that it was the regular course of that business for one with personal knowledge of such an act, event or condition to make such a memorandum or record *or to transmit information thereof to be included in such a memoran-*

*dum or record,* and for the memorandum or record to be made at or about the time of the act, event or condition or within a reasonable time thereafter." (Emphasis supplied.)

A comparable subject of hospital records was considered at length in Gearhart v. Des Moines Ry. Co., supra. In this case the court states at page 216 of 237 Iowa, page 571 of 21 N.W.2d: "The witness did not make any part of the records but testified as to the manner in which they were made and that they were made by the nurses and doctors in charge of the patient." One nurse testified as to part of the entries, but other entries were made by other nurses and doctors who did not testify.

The court further states (page 218): "It is apparent that hospital records cannot be governed by the same rules or principles as applied to books of account nor admitted under our statute relating to such entries."

In this case the court based a substantial part of its argument upon provisions and quotations from Wigmore on Evidence. ▮ Wigmore announces some tests, as quoted in the Gearhart case, supra, at page 219, which apply in this case. From Wigmore on Evidence, 3d Ed., Volume V, section 1422, page 204, it states as follows:

"Further, in generalizing, the author states: '* * * there is ample authority in judicial utterances for naming the following different classes of reasons underlying the exceptions:

" '*a.* Where the circumstances are such that a sincere and accurate statement would naturally be uttered, and no plan of falsification be formed;

" '*b.* Where, even though a desire to falsify might present itself, other considerations, such as the danger of easy detection or the fear of punishment, would probably counteract its force;

" '*c.* Where the statement was made under such conditions of publicity that an error, if it had occurred, would probably have been detected and corrected.' "

Exception "*a*" pertains to this case. The two operators were wholly disinterested witnesses. The circumstances were such that sincere and accurate statements were uttered. The evidence is such that it is clear no falsification plan was formed.

The greatest objection to evidence of this type is lack of opportunity for cross-examination, but the court quotes from Wigmore, on page 218 of 237 Iowa, stating that " 'common sense and experience have from time to time pointed them out as practically adequate substitutes for the ordinary test' " of cross-examination.

The case of Gibson v. Seney, supra, is of some assistance in connection with admission of evidence of this type. There is some difference in the cases because the witness testified that he made the slip and although he did not remember about it he stated that it was intended to be accurate. The court admitted it for the purpose of fixing the *date of sale* which appeared on the slip. The question before us is fixing the *hour of the telephone call* which appears on the slip.

In Ipsen v. Ruess, supra, at page 1383 of 239 Iowa, page 88 of 35 N.W.2d, this court stated as follows: "We conclude there was sufficient foundation for the admission of these exhibits. Under our Gearhart decision it is not necessary that all entries on hospital records be verified by the physicians and nurses who make them provided it is shown by the custodian of the records they are authentic and made in the usual course of business and the manner of making them. Contestants did not clearly show the manner of making these records and that the entries thereon were made at or near the time of the events recorded but we think the showing in these respects adequate."

Several Federal Circuit Courts have approved the admission of long-distance telephone tickets. The question has usually arisen in criminal cases, but the theory involved in cases of this type was analyzed and stated in the case of Valli v. United States, 1 Cir., Mass., 94 F.2d 687, 693, as follows:

"While formerly at common law such evidence may not have been admissible under the hearsay rule, the law, however, is not static and the impossible is not required in these days of complicated business to meet the rules of evidence adopted when earlier and simpler methods of doing business were customary. With a business like that of the New England Telephone and Telegraph Company requiring many employees, who make records of hundreds of calls daily, if litigants were compelled to summon each

employee engaged in making every record requiring proof, it would render the rules of evidence as originally recognized at common law an obstruction to justice instead of a means of promoting it. Funk v. United States, 290 U. S. 371, 381, 382, 54 S. Ct. 212, 215, 78 L. Ed. 369, 93 A. L. R. 1136. We think it was within the sound discretion of the trial court to admit such evidence offered by the witness Buddington, especially since much of the evidence offered by him was corroborated by other testimony in the case."

In this case there is other testimony corroborating the information on the telephone ticket.

V. The argument and citations of attorneys for appellant are largely directed to specific identification of documents of evidence and to evidence necessary for proof of book accounts. Their argument is also directed along the line of the distinction between admission of evidence in states that have adopted what is known as Uniform Business Records as Evidence Act and the states which have not adopted same. Iowa has not adopted such an Act. However, in view of the general statements of law, and decisions in Iowa heretofore cited, it is not necessary that evidence such as the long-distance telephone ticket involved herein be based on legislative enactment. One of the cases cited in several instances by attorneys for appellant as supporting their position is Hansen v. Kaperonis, 243 Iowa 1257, 55 N.W.2d 284. It can clearly be distinguished from this case. Hansen sued on an account and failed to comply with the provisions of section 622.28 of the Code.

VI. Appellees' proposition No. III is that the motion for directed verdict should have been sustained. There was definite conflict in the evidence submitted by plaintiff and defendants, and the trial court properly submitted the case to the jury. In view of our decision that the trial court did not commit reversible error it is not necessary to consider this proposition.

The judgment rendered, in accordance with the decision of the jury, is affirmed.—Affirmed.

All JUSTICES concur.