JOHN HICKS, appellant, v. W. E. GOODMAN, appellee.

No. 49117.

(Reported in 85 N.W.2d 6)

1186

SEPTEMBER 17, 1957.

THOMPSON, J.—The accident and injury for which plaintiff claims compensable damages occurred about noon on July 14, 1954. Plaintiff was at the time engaged as an employee of a transfer company and was operating a truck in making deliveries about the city of Des Moines. The defendant was a builder of

houses for sale. At the time set out he was engaged in building a house at 1705 E. 31st Street in Des Moines. The plaintiff, with his truck, brought there ten or eleven cartons of parts comprising a Youngstown Kitchen, to be installed in the house under construction. It is described as consisting of cabinets and a sink.

The house was not completed. The defendant says it was about two thirds finished. When the plaintiff arrived with his truck and its contents to be placed in the house, the defendant was on or near the premises. He directed the plaintiff to drive his truck to the south side or rear of the house, where there was a stoop which provided entrance to the rear door. Inside this door the opening into the kitchen was immediately to the left. An opening into another room was at the right, and directly in front of the outer door and slightly more than three feet due north of it was an open stair well in which steps had not yet been installed.

Most of the cartons which the plaintiff was to deliver were small; but there was one large one, evidently containing the sink. When it was reached in the unloading process the defendant volunteered to help in getting it into the kitchen. The two men thereupon started to carry the carton through the outer door; but when they attempted to make the turn to the left through the opening into the kitchen they found some difficulty. The plaintiff was at the front of the carton, and so was backing through the outer door and into the space inside it. They set the carton down in the doorway to adjust it so the left turn could be made, and at this point the plaintiff fell into the open stair well behind him and to the basement floor, sustaining the injuries for which he seeks compensation.

There is a dispute between the parties as to whether this was the first trip plaintiff had made through the outer door. He says it was; the defendant says plaintiff had previously carried two or three of the smaller cartons through the outer door and into the kitchen. There is no dispute that it was a bright sunlit day, although the plaintiff says it was darker inside the door; "* * * it wasn't real dark."

I. The jury having returned a verdict for the defendant, upon this appeal the plaintiff assigns four errors, which we shall discuss in order. The first is predicated upon the trial court's

refusal to give plaintiff's requested Instruction No. 1, in giving the court's own Instruction No. 10 in lieu thereof, and thereby failing to give the jury any proper guide for determining the duty the defendant owed the plaintiff with respect to the condition of the premises.

Requested Instruction No. 1 is this: "You are instructed that the owner or occupant of a building or premises, who directly or impliedly invites others to enter therein or thereon, owes an active affirmative duty to such persons to use reasonable, ordinary care to keep such buildings or premises in a reasonably safe condition so as not to unreasonably or unnecessarily expose such persons to danger. As applied to this case, you are instructed that the plaintiff was a business invitee upon the defendant's premises and that the defendant accordingly owed the plaintiff the duty to exercise reasonable and ordinary care to keep his premises in a reasonably safe condition so as not to unreasonably or unnecessarily expose the plaintiff to danger, and if you find from the evidence that the defendant failed to exercise such care, he would be guilty of negligence and you should so find."

This request was denied. The court gave its own Instruction No. 10, the material part of which we quote:

"You are instructed that the owner or occupant of a building or premises, who directly or impliedly invites others to enter therein or thereon, is bound to use reasonable care, under the circumstances, for the safety of others who are in their rightful places. As applied to this case, you are instructed that the plaintiff was a business invitee upon the defendant's premises and that the defendant accordingly owed the plaintiff the duty to exercise reasonable and ordinary care, under the circumstances of this case, for plaintiff's safety. * * *."

The substantial difference between the requested instruction and the one given by the court is that the latter omits the words "use reasonable, ordinary care to keep such buildings or premises in a reasonably safe condition"; but includes the phrase "under the circumstances of this case."

We think the words of the late Justice Weaver applicable here:

██ "It is probably true that no instruction or charge to a jury has ever been drawn with such perfect clearness and precision that an ingenious lawyer, in the seclusion and quiet of his office, with a dictionary at his elbow, cannot extract therefrom some legal heresy of more or less startling character. The real test of the meaning and effect of an instruction for the purpose of review by an appellate court ought to be, and we think is, the idea which the language objected to is fairly calculated to convey to the minds of jurors drawn from the ordinary walks of life; and the fact that, upon a minute, technical or hypercritical analysis, some other interpretation can be placed thereon, may be disregarded." Law v. Bryant Asphaltic Paving Co., 175 Iowa 747, 753, 157 N.W. 175, 177, 7 A. L. R. 1189.

Lawyers are sometimes forced to attempt to "distinguish and divide a hair twixt south and southwest side"; and this is especially true when they sit down to garner what they can for their client's benefit from the court's instructions, after an adverse jury verdict.

██ It is true, as plaintiff urges, it is reversible error to submit an issue to the jury without a proper guide with respect to it. We have so held in Jakeway v. Allen, 226 Iowa 13, 282 N.W. 374, Muirhead v. Challis, 213 Iowa 1108, 240 N.W. 912, and other cases. But the defect found in those cases is not present here. The requested instruction would have told the jury the plaintiff was a business invitee upon the defendant's premises, and that the defendant owed an affirmative duty to such persons to use reasonable, ordinary care to keep the building thereon in a reasonably safe condition so as not to unreasonably or unnecessarily expose such invitee to danger. The instruction given by the court, No. 10, likewise said to the jury that the plaintiff was a business invitee, and that the defendant owed him the duty to exercise reasonable and ordinary care, under the circumstances of the case, for plaintiff's safety. Plaintiff's contention that the court left the jury without a guide to determine what duty it was placing on the defendant seems to give scant credit to the intelligence of the jurors. The "circumstances of the case" were of course those surrounding the accident happening in the building under construction. Ordinary care for the plaintiff's safety would of necessity be concerned with the condition of the build-

ing and what the defendant did either to guard against a mishap to the plaintiff or to warn him of the danger thereof. The court's Instruction No. 10 first referred to the ownership of the building and the invitation to the plaintiff to come therein; then said that the defendant owed the duty of exercising reasonable and ordinary care for plaintiff's safety. It does not seem possible that this would not direct the attention of the jury to the condition of the building. Following Justice Weaver's holding, as quoted above, that the proper test of an instruction is the idea which the language conveys to the minds of jurors drawn from the ordinary walks of life, Instruction No. 10 was a proper and sufficient statement of the law.

In fact, the trial court did, in its Instruction No. 8, give the essence of the rule contended for by the plaintiff, with the important qualification "under the circumstances." Instruction No. 11 also directed the attention of the jury to the duty owed by the owner of premises to invitees coming thereon. We set out Instruction No. 8:

"You are instructed that the plaintiff had the duty of exercising reasonable and ordinary care for his own safety. However, you are further instructed that the plaintiff was an invitee upon the defendant's premises and as such he had a right to assume that the premises were in a reasonably safe condition, under the circumstances, until, in the exercise of ordinary care, he knew or should have known to the contrary."

We also quote Instruction No. 11:

"The liability of an owner or occupant of premises is predicated upon his superior knowledge of the condition thereof and the dangers, if any, to which the invitee may be subjected and of which he may be unaware. In this connection you are instructed that the plaintiff was an invitee upon the defendant's premises and that the defendant owed the plaintiff a duty to use reasonable care to give warning of hidden dangers, if any, or of dangers if any, not readily observable, in the exercise of ordinary care, by the invitee upon the premises."

With reference to Instruction No. 8, while this was concerned with defining the duty of the plaintiff to care for his own safety, the rule is clearly laid down that he had the right to

assume that the premises were in a reasonably safe condition under the circumstances. It follows necessarily and without requiring any powers of deduction beyond those of the ordinary juror that the defendant owed the plaintiff that duty. Instruction No. 11, a "duty to warn" instruction, also dealt with the same duty. The court told the jury, in Instruction No. 17, that it should consider and construe all the instructions together in making its determination; and indeed, this is the well-settled rule of law. As we said in Fagen Elevator v. Pfiester, 244 Iowa 633, 639, 56 N.W.2d 577, 580, it is too well settled to require extended citation that all instructions should be read and considered together.

In fact, the situation here cannot be fairly distinguished from our holding in Nicholson v. City of Des Moines, 246 Iowa 318, 325, 67 N.W.2d 533, 537, in which we upheld an instruction given by the same judge of the same district court who tried the case at bar. In the Nicholson case this instruction was requested:

"'If plaintiff's decedent, as a reasonably prudent person, knew, or in the exercise of ordinary care should have known of the hazard, if any, as it existed at the time he is alleged to have been walking on the cinder path in question, yet failed to exercise ordinary care for his own protection from such hazard, he would be guilty of contributory negligence.'"

The requested instruction was not given, and error was predicated upon the court's refusal. We said:

"We think this sufficiently covered by Instruction No. 17, in which the court told the jury that in determining the matter of contributory negligence it might consider all the facts and circumstances surrounding the transaction. It is obviously not possible for the trial court to cover each facet of the evidence in detail in its instructions, and it should not emphasize certain aspects of the testimony or inferences to be drawn from the record while omitting others. The question of deceased's knowledge or means of knowledge was one of the 'facts and circumstances' shown by the record which the jury was directed to consider. We think no more specific reference was required. * * *."

In a similar situation the Connecticut Supreme Court said:

"The duty which the defendant owed the plaintiff was to use reasonable care under the circumstances and if it breached that duty it was negligent." Cackowski v. Jack A. Halprin, Inc., 133 Conn. 631, 637, 53 A.2d 649, 652.

The instruction requested by the plaintiff in the case at bar is apparently taken from LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 946, 11 N.W.2d 36, 45, where the identical language is used. The LaSell case is cited and relied upon by the plaintiff in the instant case. But there we were defining the duty owed by the owner or operator of a completed building. It is true the rule of reasonable care under the circumstances always applies, but "under the circumstances" is not included in the requested instruction. A much heavier burden of care is cast upon the owner of a completed building than is the case where the building is under construction. Doremus v. Auerbach, 176 App. Div. 512, 163 N. Y. S. 239, 242; Ambrose v. Allen, 113 Cal. App. 107, 298 P. 169, 171; Gainey v. Peabody, 213 Mass. 229, 100 N.E. 336; M. A. Long Co. v. State Accident Fund, 156 Md. 639, 144 A. 775; Walaszewski v. Schoknecht, 127 Wis. 376, 106 N.W. 1070; Helvich v. George A. Rutherford Co., 96 Ohio App. 367, 114 N.E.2d 514, 522; and many others. Because of its failure to point out the difference between the burden of care as to completed and incompleted buildings, we might question the correctness of the requested instruction. But since we hold that Instruction No. 10, with Instructions Nos. 8 and 11, sufficiently informed the jury of the applicable law, we see no necessity for passing upon the soundness of the requested instruction.

The plaintiff also relies upon and quotes at some length from Steele v. Grahl-Peterson Co., 135 Iowa 418, 109 N.W. 882. It is true this case concerns a building—the Iowa Statehouse—which was in process of repair. But the question involved was the duty of the contractors to protect against or warn of a hidden danger. A hole had been covered over with material insufficient to bear the weight of the plaintiff, and he was injured. In the case at bar the duty to warn of hidden dangers was adequately covered by Instruction No. 11, above set out. The Steele case is not in point on the question of the sufficiency of Instruction No. 10.

■ II. The second assigned error attacks the giving of Instruction No. 5, which we quote:

"You are instructed that if one witness testifies to one set of facts and another witness testifies to an opposite set of facts, with reference to the same matter, and you are unable to determine from their testimony and from all facts and circumstances proved, and in accordance with these instructions, which witness is entitled to the more credence and belief, then the evidence is equally balanced and the facts in question have not been established by a preponderance of the evidence."

We can agree that the instruction was unnecessary, since we think the matter of preponderance of the evidence was sufficiently covered by Instructions Nos. 2 and 16. They are standard instructions governing the weight of the evidence, the rule that preponderance is not necessarily governed by the number of witnesses, and that all facts and circumstances shown in evidence and the credibility of the witnesses should be considered. Instruction No. 5 gave a somewhat more detailed method of consideration, but we think no prejudicial error resulted. We think plaintiff's complaint that it unduly emphasized the fact that only two witnesses, one on each side, testified to some features of the case is unduly technical. Instruction No. 2 told the jury that the preponderance of the evidence is not always determined by the number of witnesses, and the jurors must be held to have had this in mind, as well as Instruction No. 5, in their deliberations. The rule above cited that all instructions are to be taken into consideration comes into play here also.

The contentions made by the plaintiff and discussed in both Divisions I and II above seem to us unduly technical. If upheld, we would throw an intolerable burden upon the trial courts. They would be required to walk the thinnest of lines between what this court might consider an insufficient guide to the jury, on one hand, and overemphasis of some feature of the case, on the other. We think the trial court here gave the essentials of the governing rules of law with sufficient detail and in terms that the ordinary juror could readily understand.

■ III. The third assigned error is that the court should not have given its ʼInstruction No. 12. The exception to this instruction taken at the time of the trial, which of course gov-

erns our consideration here, says this: "* * * while the same is correct as an abstract statement of law, it is not a correct statement of the law as applied to this case in that there is no evidence from which the jury could find that the plaintiff actually knew of the open stair well, and said instruction therefore has no basis in the evidence."

Instruction No. 12, as the exception indicates, told the jury that defendant owed no duty to warn plaintiff of the open stair well if the plaintiff already knew of it. The general duty to warn of hidden or not readily observable dangers had been defined in Instruction No. 11, above quoted. It is plaintiff's contention that there was no evidence he knew of the unguarded and open hole. He misconceives or overlooks the record.

It is true he said "I did not know what was immediately back of me as I stepped in there"; and he says the trip on which he fell was his first into the building. Nevertheless there is substantial evidence to the contrary which the jury had the right to consider and believe if so advised. The defendant testified that the plaintiff had made two or three trips into the building with smaller cartons before they attempted to carry in the large one. The entry was through a south door. The open stair well was immediately to the north of this entrance, about three feet and eight inches away. The kitchen into which the packages were to be taken was to the left of the outer door. So, if the jury believed the defendant's testimony, the plaintiff had on at least two occasions previous to his fall walked through the south door with his face directly toward the open well. It was daylight and the hole was but a few feet directly in front of him. Under these circumstances we should not accept as a verity the plaintiff's statement that he did not know of the stair well.

It is said in 20 Am. Jur., Evidence, section 272, page 260: "In many instances facts can be proved only by circumstantial evidence. Such evidence is usually the only means of proving intent, *knowledge* * * *." (Italics supplied.) In discussing a similar proposition we said, in Menke v. Peterschmidt, 246 Iowa 722, 726, 69 N.W.2d 65, 68: "But this knowledge [of plaintiff's presence] may be inferred from circumstantial evidence, in spite of denial by the defendant * * *." So in Gearhart v. Des Moines Railway Co., 237 Iowa 213, 222, 21 N.W.2d

569, 574, it was held: "In view of the other testimony the jury was not bound, under the circumstances, to believe the bus driver's testimony that he did not see plaintiff." See also Davidson v. Vast, 233 Iowa 534, 538, 10 N.W.2d 12, 15, and cases cited. For a careful analysis of the value of circumstantial evidence, see Turner v. Hansen, 247 Iowa 669, 677, 678, 75 N.W.2d 341, 345.

IV. The final assignment of error claims misconduct of the jury. It appears by the affidavit of one juror that another juror, Donald Webb, was the manager of a transportation company which employed men in the same line of work which the plaintiff was performing when he was injured. Webb's occupation had been made known on the voir dire examination of the jury. When the jury retired to deliberate, Webb stated, according to the affidavit, that if an employee of his company directed to deliver objects similar to those with which the plaintiff was engaged, did not first go in and look the place over he would be "fired"; and if he had been hurt he would have "fired" him; and that Webb made other statements of similar import. The affiant further said that she was impressed by Webb's superior knowledge of the transfer and delivery business, and finally acceded to his view.

That a juror may not impeach his verdict by testifying to the reason for reaching it is well settled. Keller v. Dodds, 224 Iowa 935, 943, 944, 277 N.W. 467, contains a somewhat lengthy discussion of this matter, and settles the rule, which is also clearly laid down in In re Estate of Murray, 238 Iowa 112, 120, 26 N.W.2d 58. But a juror may make affidavit or testify to matters occurring in the jury room, and if what occurred amounted to misconduct and was of such a character that it was reasonable to assume it influenced the result of the deliberations and the final verdict, the verdict should not be allowed to stand. Keller v. Dodds, supra.

However, another rule here comes into play. It is that the trial court has a considerable discretion in determining whether there has been such misconduct as to require setting aside the verdict. We have held this repeatedly. In re Estate of Murray, supra, cited by the plaintiff, holds no more than this. Olesen v. Henningsen, 247 Iowa 883, 888, 77 N.W.2d 40; Turner

v. Hansen, 247 Iowa 669, 674, 75 N.W.2d 341; Fagen Elevator v. Pfiester, supra, 244 Iowa 633, 642, 56 N.W.2d 577, and many other recent cases announce and follow this rule.

Perhaps the case factually nearest in point is our latest pronouncement on the subject, Mongar v. Barnard, 248 Iowa 899, 909, 82 N.W.2d 765, 772. Here, in an action for damages in a motor-vehicle collision, affidavits of four jurors asserted that another juror had said he owned a truck like that driven by the plaintiff and it could not travel 50 miles per hour when loaded with eight tons of crushed rock, as was the plaintiff's in the case then being determined. This expression of personal knowledge and experience was much like that of the juror Webb in the case at bar. We said:

"The court had a good deal of discretion in passing on this ground of defendant's motion for new trial. It does not clearly appear there was an abuse of discretion in denying a new trial on this ground."

The ruling of the court in denying plaintiff's motion for new trial in the present case was not an abuse of discretion.

We find nothing to show that the plaintiff did not have a fair trial, which is to say no reversible error appears.—Affirmed.

BLISS, GARFIELD, OLIVER, LARSON, and SMITH, JJ., concur.

HAYS, C. J., and WENNERSTRUM and PETERSON, JJ., dissent.

HAYS, C. J. (dissenting)—I respectfully dissent.

Plaintiff's petition alleges two specific acts of negligence: (1) Failing to guard or barricade the drop off into the basement. (2) Failing to warn plaintiff of the dangerous condition inside the doorway. Both were submitted to the jury.

Assigned error No. 1 concerns the instruction dealing with specification No. 1. It is appellant's contention that the trial court failed to instruct the jury on the duty an owner of premises owes to an invitee thereon, relative to the safe condition of said premises, and left the jury without a guide as to such duty.

Actionable negligence is the breach of a duty owing by a defendant to a plaintiff, and where there is no duty there is no

negligence. It is fundamental that in a law action tried to a jury it is the responsibility of the trial court to correctly instruct the jury as to the law applicable to each issue submitted. In a negligence action the court must, for each act of negligence submitted, inform the jury as to the legal duty of the defendant, a violation of which is alleged and for which a recovery is sought. Jakeway v. Allen, 226 Iowa 13, 282 N.W. 374; Harrington v. Fortman, 233 Iowa 92, 8 N.W.2d 713; 60 A. L. R. 102.

As to defendant's failure to guard or barricade the drop off into the basement the trial court gave but one Instruction, No. 10. So far as material, it states, "* * * the owner * * * of a building * * * who * * * invites others to enter therein * * * *is bound to use reasonable care, under the circumstances,* for the safety of others who are in their rightful places. * * * the defendant accordingly owed the plaintiff the duty *to exercise reasonable and ordinary care, under the circumstances* of this case, for plaintiff's safety." (Italics mine.) This instruction was given by the court instead of plaintiff's requested Instruction No. 1, which was as follows: "the owner * * * owes an active affirmative duty * * * *to use reasonable, ordinary care to keep such buildings * * * in a reasonably safe condition* so as not to unreasonably or unnecessarily expose such persons to danger. * * * the defendant accordingly owed the plaintiff the duty *to exercise reasonable and ordinary care to keep his premises in a reasonably safe condition* so as not to unreasonably or unnecessarily expose the plaintiff to danger." (Italics mine.)

In LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 11 N.W.2d 36, an instruction, exactly like the requested one here, was approved as correctly stating the duty resting upon an owner of premises to an invitee thereon. The majority opinion states, "Instruction No. 10 was a proper and sufficient statement of the law." I contend that it is not.

The majority opinion seeks to distinguish the LaSell case, supra, by saying that there we were defining the duty owed by an owner of a completed building, and that a much heavier burden of care is cast upon the owner of a completed building than is the case where the building is under construction, as in the instant case, citing six cases from six other jurisdictions. Four of the cases cited involve a master-servant relationship

1198

between plaintiff and defendant; one is an action against a contractor repairing a building by a tenant in the building, for using undue force, thus causing plaster to fall from the ceiling; and the other involves injury to a painter who went into a building under construction, for the purpose of estimating a paint job. They largely turn upon the assumption of risk theory and under such circumstances perhaps the majority opinion's statement that a different duty exists where the building is under construction may be sound. It is not however, in my judgment, sound when applied to the instant case.

It is the generally accepted rule that an owner of premises has a duty to keep his premises in a reasonably safe condition where invitees are involved.

In Upp v. Darner, 150 Iowa 403, 407, 130 N.W. 409, 410, 32 L. R. A., N. S., 743, Ann. Cas. 1912D 574, it is said: "Thus one is under no duty to keep his premises in a safe condition for the visits of trespassers. But, if he expressly or by implication invites others to come upon his premises, it is his duty to be reasonably sure that he is not inviting them into a place of danger, and to this end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit."

Martin v. Des Moines Edison Light Co., 131 Iowa 724, 106 N.W. 359, involves an employer-employee relationship in the construction of a building. The court told the jury (page 729) it was the " 'duty of the defendant to furnish the deceased a reasonably safe place to work' ", and in the same instruction said the duty incumbent on the defendant was to use the reasonable care and diligence which an ordinarily careful and prudent person would exercise under the circumstances. It was contended that plaintiff was employed in a work of alteration of the building and that a different rule pertained than where the building is completed. This court said (pages 731, 732 of 131 Iowa): "If we understand the proposition of counsel, it does not state the law. * * * But the duty of the master not to expose the servant to any injury which may be reasonably anticipated and guarded against remains the same."

See also Foley v. Cudahy Packing Co., 119 Iowa 246, 93 N.W. 284. A fortiori at least a similar duty exists as to a non-employee invitee.

In Steele v. Grahl-Peterson Co., 135 Iowa 418, 422, 109 N.W. 882, 883, it is said: "It is true, the relation of master and servant did not exist, nor was there, in the ordinary sense of the word, any contract relation or obligation between the parties, yet, we regard it very clear that defendants did owe to the plaintiff as the servant of the subcontractor and to all other persons rightfully employed on the premises, *the duty of exercising reasonable care to avoid exposing them to injury on account of any defective or dangerous conditions existing in such premises.* * * * For the purposes of this case * * * *defendants as principal contractors * * * stood in the same position of responsibility as if they were the owners.*" (Italics mine.)

See also 38 Am. Jur., Negligence, sections 96, 97 and 102; 65 C. J. S., Negligence, sections 45b and 46; Noyes v. Des Moines Club, 178 Iowa 815, 160 N.W. 215; Reuter v. Iowa Trust & Savings Bank, 244 Iowa 939, 57 N.W.2d 225.

I think it may be said that whether the building in question be completed or under construction an owner thereof owed a duty, of some nature, as to the safe condition thereof, to an invitee in said building. A violation of that duty would constitute actionable negligence. Before a jury could possibly pass upon a defendant's liability it would have to be advised as to the extent of that duty.

If Instruction No. 10 is "a proper and sufficient statement of the law", as is said in the majority opinion, the duty which defendant owed to plaintiff must be found in the words "under the circumstances." What do these words mean? The opinion says "the 'circumstances of the case' were of course those surrounding the accident happening in the building under construction. * * * and what the defendant did either to guard against a mishap * * * or to warn him of the danger thereof." The circumstances are that plaintiff, an invitee, fell into an open unguarded stair well, as to which he had not been warned, defendant stating "Nothing was said between me and John Hicks about this stair well, I did not have any idea that he did not know that the stair well was there." If the instant instruction is a correct statement of the law as applied to the instant case, it must be accepted as a correct instruction to give in case of a completed building such as was involved in the

LaSell case, supra. The words "under the circumstances" would be equally enlightening to the jury there as here. Assume a negligence case wherein a plaintiff alleges defendant, in operating his automobile, failed to give one half of the highway by turning to the right on meeting plaintiff's car. The jury is told that defendant would be liable if he failed to drive his car in a careful and ordinary manner under the circumstances of the case. In my judgment, under the opinion, such an instruction must be deemed a proper and sufficient statement of the law, yet I doubt that this court would so say.

The majority opinion seeks to strengthen its position by saying that the sufficiency of an instruction must be determined when read in connection with all the other instructions in the case and specifically refers to Instructions No. 8 and 11. Instruction No. 11 clearly deals with the duty of the owner to warn as to hidden dangers, specification of Negligence No. 2, and deals with an entirely different duty. Instruction No. 8 concerns contributory negligence of the plaintiff. It says, "* * * he (plaintiff) had a right to assume that the premises were in a reasonably safe condition under the circumstances * * *." Whether this instruction, in the light of Instruction No. 10, is correct is not involved as no error is assigned thereon. However, I submit that the words "under the circumstances" must be the yardstick governing the extent of plaintiff's right to "assume the premises were in a reasonably safe condition", that is, defendant's duty in regard thereto. In my opinion, Instruction No. 8 adds nothing to Instruction No. 10 and I am not sure that it does not further muddy already muddied water.

Error is also assigned as to Instruction No. 5. This instruction concerns the meaning of the term "preponderance of the evidence." Instructions Nos. 2, 4 and 16 deal with that term and amply and correctly cover the matter. Instruction No. 5, while correct as an abstract legal proposition, singles out and directs attention to the only real conflict in the testimony. I think there is considerable merit to appellant's objection that it unduly emphasizes that particular phase of the case. While perhaps not reversible error, it seems to me that if such a legal proposition is to be stated, it should be done as part of the general instruction

instead of being singled out by a special instruction as was done here. See Evans v. Holsinger, 242 Iowa 990, 48 N.W.2d 250, 28 A. L. R.2d 1434.

I would reverse and remand.

WENNERSTRUM and PETERSON, JJ., join in this dissent.