Cynthia K. COLE, by Frances Cole, mother and next friend, and Frances Cole, Individually, Appellants,

v.

Rodney LAUCAMP and Harvey Laucamp, Appellees.

No. 55902.

Supreme Court of Iowa.

Dec. 19, 1973.

Arthur R. Kudart and Donald D. Holmes, Cedar Rapids, for appellants.

Duane J. Goedken, Muscatine, and Walter F. Rismiller, Tipton, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

RAWLINGS, Justice.

Action by plaintiffs for damages resulting from injury to minor guest in single vehicle accident. Plaintiffs appeal from judgment on jury verdict for defendants. We affirm.

At approximately 7:00 p. m., June 30, 1967, plaintiff Cynthia K. Cole (Cynthia), and four others left Tipton in a car owned by defendant Harvey Laucamp, then operated by defendant Rodney Laucamp (Rodney). This trip was made for the purpose of attending a beer party at what is referred to as Kinsey's cabin, located in Cedar County near the Cedar River.

While at the party Rodney consumed from four to eight cans of beer mixed with tomato juice. During the Kinsey's cabin festivities it rained.

About 11:15 p. m., Cynthia and her friends started the return trip to Tipton with Rodney again driving. Speed of the vehicle was 40 to 50 miles per hour on a gravel road. Just after the car had crossed a bridge one vehicle occupant shouted something to the effect "Rodney you are getting too close to the edge". Almost instantaneously the right front wheel struck mud causing the car to roll into a roadway ditch. Cynthia was resultantly injured.

Plaintiffs' action is predicated on Rodney's alleged intoxication and recklessness.

Errors asserted by plaintiffs in support of a reversal are, trial court erred in (1) excluding opinion of Dr. Weland in response to a hypothetical question as to whether drinking a given quantity of beer would cause a person to be under the influence of intoxicating liquor; (2) excluding opinion of a highway patrolman as to whether 50 miles per hour speed on the accident related highway would be reasonable under the circumstances; (3) excluding testimony of a vehicle occupant regarding Rodney's car operating conduct on the trip from Tipton to Kinsey's cabin; (4) refusing plaintiffs' requested instruction No. 4;

(5) submitting instruction No. 4; and (6) giving instruction No. 11.

I. As hereafter disclosed this case must, in large part, be resolved by application of relevant established principles of evidence and adopted procedural rules.

Touching on that subject this court aptly stated in Esterdahl v. Wilson, 252 Iowa 1199, 1208, 110 N.W.2d 241, 246 (1961):

"The so-called technicalities of the law are not always what they seem. When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done, and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass. We have, and should have, no compunction in following them when they are clear and definite."

II. Plaintiffs are entitled to no appellate relief upon their first two assigned errors here contemporaneously entertained.

As indicated above these assignments focus upon an attempt by plaintiffs to elicit opinion evidence from Dr. Weland and Patrolman Woller.

In the first place we have repeatedly held the admissibility of such evidence, lay or expert, rests largely in trial court's sound discretion. See e. g., Hoyt v. Chicago, Rock Island and Pacific Railroad Co., 206 N.W.2d 115, 120 (Iowa 1973); Fischer, Inc. v. Standard Brands, Inc., 204 N.W.2d 579, 582 (Iowa 1973); Olson v. Katz, 201 N.W.2d 478, 482 (Iowa 1972).

There is to us no firm premise upon which to hold exclusion of the opinions sought to be elicited from Dr. Weland or Patrolman Woller constituted an abuse of discretion by trial court.

Additionally the record reveals, by offer of proof made, that had Dr. Weland been permitted to answer the controverted hypothetical question his response would have been essentially cumulative. See Cardamon v. Iowa Lutheran Hospital, 256 Iowa 506, 513, 128 N.W.2d 226 (1964).

Furthermore, as to the patrolman it is apparent error, if any, was not preserved for appellate review.

In Kengorco, Inc. v. Jorgenson, 176 N.W.2d 186, 189 (Iowa 1970), this court said: "A claimed error in excluding testimony affords no ground for reversal where the error was not preserved by offer of proof." See also Busker v. Sokolowski, 203 N.W.2d 301, 303 (Iowa 1972).

Since there was no offer of proof by plaintiffs regarding the excluded answers to opinion seeking questions put to Mr. Woller no prejudice is shown and none will be presumed. See Grosjean v. Spencer, 258 Iowa 685, 695, 140 N.W.2d 139 (1966).

III. Also, for the reason last above set forth, plaintiffs' third asserted error must fall.

In that respect plaintiffs' witness, Bonnie Stutzel, was asked on direct examination whether anything unusual occurred in the way Rodney drove en route to the beer party. Defendants' "too remote in time" objection was sustained and again plaintiffs made no offer of proof. As previously noted error, if any, was not saved for appellate review absent an offer of proof. See Kengorco, Inc. v. Jorgenson and Grosjean v. Spencer, both *supra*.

IV. The next complaint voiced by plaintiffs is, in essence, their requested instruction 4 was erroneously refused.

Once more we find no preservation of the asserted error. In other words the record reveals no objection was at any time interposed regarding trial court's failure to give the aforesaid proposed instruction. That alone obviates any review by

this court of the instant issue. See Iowa R.Civ.P. 196; Heth v. Iowa City, 206 N. W.2d 299, 304 (Iowa 1973).

Moreover plaintiffs' general objection to the submission of instruction 11 and attendant request that their proposed instruction 4 be given in lieu thereof accords them no salvation.

V. Plaintiffs also contend their objection to submitted instruction 4 should have been sustained.

In material part the jury was thereby told:

"To entitle the plaintiffs to recover from the defendants, the burden of proof is upon them to establish by a preponderance of the evidence each and all of the following propositions:

"1. That the defendant Rodney Laucamp was operating the automobile in a reckless manner or was then and there under the influence of intoxicating beverages, or both."

This is the attendant exception urged: "Plaintiffs object to the words 'or both' for the reason it would indicate plaintiffs would have the possible responsibility of proving both items. We don't feel it is really essential to that instruction."

At the outset it may be conceded, in light of the aforesaid objection, the words "or both" might well have been excised but that is not alone determinative.

The question posed is whether such closing phraseology in instruction 4 was prejudicially erroneous.

Plaintiffs argue the challenged portion thereof "could have led the jury to believe that it was necessary that it find Rodney Laucamp, defendant driver, was operating the automobile in a reckless manner and was also under the influence of an intoxicating beverage."

We are not so persuaded. Briefly stated, the word "or" as here used has a com- monly accepted and well-known meaning. In ordinary usage it signifies an alternative and generally corresponds in meaning to the word "either". See Boyle v. Burt, 179 N.W.2d 513, 516 (Iowa 1970); Bates v. United Security Insurance Company, 163 N.W.2d 390, 398 (Iowa 1968).

There is no reasonable premise upon which to assume the jury did not so understand and apply the aforesaid phraseology.

VI. The last issue raised on this appeal relates to instruction 11, as given, by which the jury was advised:

"A person is under the influence of an alcoholic beverage when he is so far affected by an alcoholic beverage that his passions are visibly excited or his judgment impaired by the use thereof.

"When through the use of an alcoholic beverage the reason or faculties of a person have become affected, or the use thereof has caused him to lose control in any manner, or to any extent, of the actions or motions of his person or body, such person, in contemplation of law, is under the influence of an alcoholic beverage."

The objection thereto was: "Plaintiffs except and object to Instruction No. 11, and request instead of that instruction plaintiffs' requested instruction number 4."

It would appear plaintiffs here, for the first time, specifically take the position trial court should have used the terminology "under the influence of *intoxicating liquor*" rather than "under the influence of an *alcoholic beverage*."

The instant assignment is without substance.

Inceptionally there is no plausible basis upon which to now hold the jury was misled by instruction 11, quoted above. See generally State v. Morningstar, 207 N.W.2d 772, 774 (Iowa 1973); State v. Davis, 196 N.W.2d 885, 890 (Iowa 1972).

In any event it is at best doubtful that plaintiffs' above quoted objection to instruction 11 sufficiently alerted trial court to the precise error now before us. In that regard the record discloses plaintiffs, by requested instruction 4, repeatedly employed the phrase "under the influence of intoxicating liquor or an alcoholic beverage." By so doing they clearly equated the two terms and at the same time left trial court to speculate as to the true intent and purpose of their objection. See Pose v. Roosevelt Hotel Company, 208 N.W.2d 19, 22 (Iowa 1973); Jorgensen v. Horton, 206 N.W.2d 100, 104 (Iowa 1973).

We are satisfied plaintiffs instantly failed to preserve error, if any. See State v. Burtlow, 210 N.W.2d 438, 439 (Iowa 1973); Aetna Casualty and Surety Co. v. Jewett Lumber Co., 209 N.W.2d 48, 50 (Iowa 1973).

VII. Finally, with regard to the above instruction related issues, we deem it appropriate to here repeat this apt statement in Law v. Bryant Asph. Co., 175 Iowa 747, 753, 157 N.W. 175, 177 (1916):

"It is probably true that no instruction or charge to a jury has ever been drawn with such perfect clearness and precision that an ingenious lawyer in the seclusion and quiet of his office with a dictionary at his elbow cannot extract therefrom some legal heresy of more or less startling character. The real test of the meaning and effect of an instruction for the purpose of review by an appellate court ought to be, and we think is, the idea which the language objected to is fairly calculated to convey to the minds of jurors drawn from the ordinary walks of life; and the fact that upon a minute technical or hypercritical analysis some other interpretation can be placed thereon may be disregarded."

See also Hicks v. Goodman, 248 Iowa 1184, 1189, 85 N.W.2d 6 (1957).

Affirmed.